## John G. & Martin Berlin v. Leander Burns and Another.

Where the husband, in consideration of one thousand dollars to be paid at a future day, for which he took the notes of the purchasers, agreed in writing to "convey, release and warrant" two hundred and eighty-four acres of land including his homestead, upon payment of the purchase money, and the wife was present and refused to join in the agreement, which fact was known to the purchasers ; and when the vendees tendered the purchase money, the vendor tendered to the vendees a deed, executed by himself alone, (his wife still refusing to join in the sale,) which the vendees refused to accept ; and then the parties agreed to cancel the contract, upon consideration of which the vendor gave his note to the vendees for three hundred dollars ; in a suit on the note, it was held that the vendees could not recover, on the ground, it would seem, that the agreement, under the circumstances of the case, had no binding obligation upon the husband, and that the note was therefore without consideration.* ·

Appeal from Washington. Tried below before the Hon. R. E. B. Baylor.

The instrument called a bond for title, was not a bond in a penal sum, upon condition to make title, but was an agreement in writing, signed by Burns, in which he stated that he had sold the land to the plaintiffs, for the sum of one thousand dollars,

---

* Note.—The principles of this case would seem to require further elucidation. We are not sure that we fully apprehend the principle involved, and have therefore given the syllabus in this form.—Reps.

payable January 1st, 1854, and undertook to "convey, release and warrant" to the plaintiffs, the said land, when they should pay the said sum of one thousand dollars. It was dated Nov. 19th, 1852.

It was alleged in the answer, among other things, that the defendant Burns was illiterate ; that one of the plaintiffs, at the date of the bond, was his lawyer and teacher in his family, and that he had taken advantage of his influence over defendant in said relations, to defraud him in the premises.

The evidence on the trial was as follows : The note sued on, which was dated February 16th, 1854, due the 25th of December next thereafter, for $300, with interest at the rate of ten per cent. after first day of July.

The plaintiffs read the depositions (this is the language of the statement of facts) of James Lane, which were as follows :

Int. 1st. Was not the note sued on given for a valuable consideration ?

Ans. to 1st Int. I am not able to say whether the note was given for a good and valuable consideration or not. I can only state the facts, and leave the Court to determine whether it was a valuable consideration or otherwise. The note was given in a compromise and recantation of a sale of the homestead by defendant Burns to plaintiffs. The wife of Burns, residing with him on the land at the time, refused to join in the sale. The bond executed by Burns is filed, and made a part of the defendants' answer, dated Nov. 19, 1852, to which reference is made. The note was given by defendant Burns, with this defendant as surety, in consideration of the cancelling of the above bond and contract of sale?

Int. 2. Did not the plaintiffs buy of the defendant Burns a tract of land, and execute their notes for the purchase money ? And did not the defendant give his bond for title, and did not said defendant Burns fail to make this title? Was not the note, now sued on, given in a compromise of the whole matter ?

Ans. to 2nd Int. The plaintiffs did contract with Burns for the land named in the bond before referred to, and executed their notes to Burns, which was, at the time, the residence and homestead of Burns, and he has resided upon the same from that time to this. The wife of Burns refused to join in the contract, and the bond was executed by L. Burns alone. I wrote out a deed for the land in conformity to the bond, and Burns signed it, and tendered the deed at the time Berlin tendered the money, and Berlin refused to accept the deed, which was not signed by the wife of Burns. The plaintiffs, after the contract above referred to, went into possession of the land, and cultivated a portion of the tract for the year. And the notes sued upon were given upon the cancelling of the above contract of sale by Burns, with this defendant as security.

The plaintiffs proved by John B. Wilkins that the land was worth over eight dollars per acre.

The defendants read, without opposition, the bond appended to their amended answer.

O. P. Carrington, for defendants, testified that Burns was an illiterate man ; could neither read nor write ; that Berlin had said that he had made one good crop on the land, and was satisfied with the compromise ; that the land was worth five dollars per acre ; that Berlin had attended to one or two lawsuits for defendant.

. John B. Wilkins, " cross-examined" for defence, said that he had had a suit with Burns, and that Berlin was his attorney ; that he had also known him to appear us counsel for Burns.

Humphries, for defendants, testified that Mrs. Burns was present when the contract was made for the purchase of the land, and refused to join in it ; that plaintiff knew of it, and that it was the homestead of Burns and his wife, and that they resided on it.

All the witnesses stated that, at the time the bond was executed, Berlin was a school teacher and taught Burns' children, and was intimate at Burns' house, being often there.

These were all the facts in evidence.

The other proceedings are stated in the Opinion.

*A. M. Lewis*, for appellants.   It surely needs no argument to prove that the husband may contract for the sale of the homestead.

But admit that the contract was so void as to be insufficient to support a promise, so far as the homestead is attempted to be sold, yet there is no pretence that because he attempted to convey two hundred acres, which he had no right to sell, he therefore had no right to sell the eighty-four acres of land which was over and above the homestead.

*Giddings & Giddings*, for appellees.

HEMPHILL, CH. J.   Suit by appellants against the appellee, on a promissory note for three hundred dollars.   The defendant Burns had, without the consent of his wife, contracted to sell to the Berlins two hundred and eighty-four and a half acres of land, including his homestead. and gave his bond for title.   The Berlins tendered the purchase money, and Burns executed and tendered a deed with his own signature alone, his wife refusing to join.   The Berlins refused to accept the deed. and the parties having agreed to cancel the contract, Burns, with whom was joined Lane as surety, gave the promissory note sued on as a consideration for the rescission.

The defendants, among other matters, pleaded that the original contract being for the sale of the homestead without the consent of the wife, was void ; that the defendant Burns was an illiterate man, not being able to read or write, and was de ceived and defrauded by plaintiffs.

At the request of the plaintiffs, the Court charged the jury that a contract and bond for title by the husband, for the sale of the homestead, without the consent of the wife, is not void ;

that the cancelling of a bond, given as described, is a good consideration for a note ; that if Burns had not the power, without the consent of his wife, to convey the homestead including two hundred acres of the tract, he might have conveyed the remainder ; that if the defendants executed the note by way of compromise of the difficulty, it was a good contract, unless the proof shows that the plaintiff used unlawful means to procure the note.

At the request of defendants, the Court charged that a contract in violation of law, is void ; that the homestead cannot be sold by the husband against the consent of the wife ; that if the jury believe from the evidence, the note was without consideration, they will find for defendants. The fourth instruction was to the effect, that exemption of a homestead from forced sale included every species of alienation which could disturb the family in the quiet enjoyment of their home. The fifth instruction asked by defendants, viz : that the entire contract is void, if part of the consideration be prohibited by a Statute, was refused.

The Court, of its own motion, instructed the jury, that if they believed from the evidence, that the defendant Burns had been overreached and defrauded in the contract, the bond for title was void and so also was the note given in consideration for the cancelling of said bond.

There was judgment for defendants, and plaintiffs appealed, assigning for error the giving the charges asked by defendant, and the one given by the Court on its own motion.

2nd. The verdict was contrary to law and evidence.

3rd. The refusal of a new trial.

It will not be necessary to comment specially upon the charges asked and given for defendants. As legal propositions they are generally sound, and this is admitted by appellants ; but the objection is that they had no application to the case, and consequently tended to mislead the jury. But it does not appear such could have been the result, for we must presume they were considered by the jury in connexion with

the instructions for the plaintiffs, which charged the law at every point in their favor. For instance, the propositions that a contract in violation of law is void, and that the homestead cannot be sold by the husband contrary to the consent of the wife, were modified by the instructions for plaintiffs that a contract for the sale of the homestead, without the consent of the wife, and a bond for title was not void. &c., &c.

But without considering the instructions farther, or comparing them to ascertain whether possible prejudice might have resulted to the plaintiffs, we are of opinion that the judgment on the merits as disclosed by the pleadings and the evidence, was right ; and that there was no such error as would entitle the plaintiffs to a reversal.

The contract for the sale of the homestead was made without the consent of the wife, and she still refused her assent at the attempted execution of the conveyance. That the land was the homestead of the defendant was well known to the plaintiffs. Now, though a contract for the sale of a homestead by the husband, without the consent of the wife, may not in all respects be void, as for instance where after such contract the land is abandoned and another homestead is selected by the husband and wife, there being no necessity or demand that the proceeds of the sale of the first should be applied to the purchase of the second homestead, the contract for the sale by the husband alone, might, under such circumstances, be enforced, yet no contract for the sale of land which continues to be the homestead of the family, can be enforced without or against the consent of the wife ; her consent is a primary element to the validity of sales of the homestead. This must be freely given, without undue influence by the husband or others. The policy of the law provides the homestead as a shelter for the family, in the enjoyment of which the wife cannot be disturbed without her own assent, and any engagement or contract binding the husband expressly or by implication to procure such assent, is obnoxious to such policy, and not binding upon

him ; consequently contracts for the sale of the homestead by the husband without the consent of the wife, though not utterly void under all contingencies, yet have no binding obligation on the husband, in cases where the wife refuses her assent to such sales.

In contemplation of law no damage results to the vendee, from the breach of such contracts ; the covenant so far as it imposes a duty on the husband to procure the assent of the wife, is contrary to law, and the supposed damage arising from its breach, is no valid consideration for a subsequent contract, whether by way of compromise or as payment in full for such damages. There was no valid consideration, then, for the note in this case ; consequently there was no error in the judgment for the defendant. The fact that the land exceeded by eighty-four and one half acres the amount of the homestead, does not materially change the law of the case. It is very evident that the contract was entire, and that the consideration of the note was the rescission of the contract for the sale of the whole tract, and not of the excess beyond the amount of the homestead.

Had the excess beyond the amount of the homestead been large ; had it formed a prominent object in the contract for sale, or been of paramount importance, and the note been given in consideration of the rescission of the contract for the sale of this portion of the land, then the judgment should have been for plaintiffs. But as the facts were to the contrary, the judgment was properly for defendants and it is therefore affirmed.

Judgment affirmed.