## J. H. KENT v. C. C. BEATY.

### ON REHEARING.

Where a rural homestead has been designated and surveyed under the direction of the owner, after which his interest in the land adjoining was levied on and sold under execution to satisfy a judgment against him, the title of the purchaser cannot be defeated by a subsequent survey of the homestead, which was so made as to include the tract sold.

APPEAL from Gonzales.

*Harwood & Burts*, for appellant.

*O' Conner, Miller & Sayers*, for appellee.

Walker, J.—The place called Belmont appears to be a small village, settled and occupied by a number of families, in which they have their homes, shops and usual business occupations. The place appears to have been laid out by one M. H. Beaty. This suit concerns the title to a certain lot marked B on the plats which accompany the record. Suit was brought by the appellee to recover possession of lot B, with the improvements thereon. This lot was sold at constable's sale, on a judgment against M. H. Beaty, and purchased by T. M. Harwood, under whom appellant claims title.

The only question for our decision presented is, was and is this lot B a part of the rural homestead of Mrs. C. C. Beaty, the surviving widow of M. H. Beaty? Under the decisions of this court, in Taylor v. Boulware, 17 Texas, 532, and Bassett v. Messner, 30 Texas, 604, and later cases, lot B must be regarded as a part of the homestead, unless it has been abandoned, or its character as such changed by the voluntary act of M. H. Beaty, or his widow, the appellee. These are questions of fact for the jury, under the proper instructions of the court. But it is contended that this case must be reversed, because of the wrong instruction of the court to the jury, and refusal to give those asked by the defendant's counsel. We think the charge was in strict accord with the decisions of this court, and that the instructions refused were properly declined. The law of the case was given to the jury, and we see no cause to complain of their verdict.

The judgment of the District Court is therefore affirmed.

Affirmed.

Opinion rendered October 22, 1873.

## ON REHEARING.

DEVINE, ASSOCIATE JUSTICE.—Appellee brought suit at the February term, 1872, in the District Court of Gonzales county, to recover possession of a lot and building thereon used as a store house for the sale of merchandise. She alleged that the lot, etc., was on and was comprised in her homestead tract of two hundred acres, as described in her petition; that in the year 1870 defendant, Kent, forcibly entered and took possesion of the lot and store house, and has unlawfully held possession, etc. Plaintiff claimed damages for the trespass and wrongful occupation of the same. In her amended petition she averred that the county surveyor had laid off her homestead tract, that it embraced all the land owned by her, that it contained nearly two hundred acres, and that the rent of the store partly supported herself and minor children, etc.

The defendant demurred generally, and plead not guilty to the charge of trespass. At the next term defendant amended and answered, that the lot sued for was a lot in the town of Belmont, in the county of Gonzales; that a part of the plaintiff's two hundred acre tract is situated in the county adjacent to said town of Belmont, and that plaintiff is claiming in this suit a homestead tract of two hundred acres so laid off by herself as to include both a town and country homestead; that M. H. Beaty, during his life and at his death, was the owner of a tract of land adjacent to the town of Belmont containing more than five hundred acres, and that the homestead of said Beaty and the large tract of land cultivated by him were outside of the town of Belmont; that Beaty had laid off the lots in said town, and with his wife had sold the same; that the lot in controversy was wholly distinct from the homestead tract of plaintiff, being bounded on the north by main street, or the county road running from Seguin to Gonzales; bounded on the

west and south by Tadlock's lots, and on the east by Mc-Nemar's lot; that Beaty never claimed to live in the town of Belmont; that he (Beaty) being involved in debt, and. with a view to hinder, delay and defraud his creditors, had conveyed this lot to his son, H. C. Beaty, and that plaintiff had joined in the conveyance.

There was a verdict in favor of plaintiff. A motion for a new trial was made by defendant, which was overruled, and an appeal taken by defendant.

Before noticing the errors assigned, it is proper to remark that the plea of outstanding title by defendant, which appellant, in his brief, contends should defeat a recovery by plaintiff in this suit, (she having given it in evidence, and being therefore estopped by it from claiming the lot as her property), does not appear to have been noticed or relied on by appellant during the trial. The attention of the court was not called to it by any motion made, or instruction asked by defendant; there was no allusion made to it in the motion for a new trial, neither is it noticed in the assignment of errors. There is nothing in the evidence to show that it was ever acted on, in any way indicative of a change of title, outside of the recitals in the instrument. On the contrary, the evidence excludes the idea either of possession or claim of title by H. C. Beaty. It is shown by the evidence of witnesses and the admission of defendant in his answer, that plaintiff's husband, M. H. Beaty, claimed to be the owner, and rented out the store from the date of the deed in 1868 up to his death in April, 1871, and that defendant was a tenant of M. H. Beaty at the time of the constable's sale to T. M. Harwood.

This deed was introduced by plaintiff during the trial, evidently with the intention to show that, under the reservations contained in the following sentence in the deed, "the two hundred acres embracing our residence and houses," this lot was then considered and claimed as a

of their homestead. It is not necessary to decide whether the mere execution of this paper could, under all the circumstances, operate as an estoppel. It is sufficient to say, that as no action was sought or had with reference to it in the District Court, it will not be noticed further in this; and particularly so when defendant claims as his title the interest that M. H. Beaty had in the lot on the day of sale by the constable, and defends as a purchaser under the title of plaintiff's husband.

Among the assignments of error, the third, which is as follows, will be considered:

"The court erred in refusing to give the instructions asked by defendant."

The instructions asked were these:

"If the jury find from the evidence that M. H. Beaty procured a surveyor to run out his homestead, and that he so regarded and claimed his homestead as run out by the said surveyor, and that in said survey the lot in suit was not included, and that afterwards the lot in question was levied on and sold to satisfy a judgment rendered against said Beaty, then and after said levy and sale the said Beaty would not be allowed to change the boundaries of his homestead before established and fixed, and thereby so run the said boundaries as to defeat the sale under said levy and sale."

To ascertain fully the relevancy of this instruction to the cause as it then stood before the court and jury, a brief statement of the principal facts in evidence becomes necessary.

In the year 1868, M. H. Beaty, apprehending trouble by reason of his indebtedness, applied to T. S. Walker, a surveyor, to run out his homestead tract of two hundred acres, directing him to run it so as to include his homestead tract and the valley land, and to throw out or exclude the rocky ridge of poor land, containing about twenty acres.

When the survey was made, the surveyor, in reply to Beaty's inquiry if there was more than two hundred acres of land in the survey, replied, no; that if he included the town tract, containing from twenty to twenty-five acres, there would not be more than two hundred acres.

Walker stated on the trial that he did not recollect if he made a plat for Beaty, but after stating where he commenced, and to what points he run his lines, said that the lot in suit was not included in his survey of the homestead tract.

In the same year M. H. Beaty and his wife, the plaintiff, executed a deed in favor of their son (the recited consideration being $1200) of some personal property, a six hundred and forty acre tract in Fannin county, and all of the land on which they resided in said county of Gonzales, "except the two hundred acres which we claim as a homestead, being the two hundred acres embracing our residence and houses and most of the farm."

After giving the names of the parties who were the original owners of the tracts conveyed to their son, they proceed to state: "And this deed is intended to convey all three of said tracts of land except two hundred acres which we claim as a homestead, which has been surveyed out by T. S. Walker." This deed was duly recorded in Gonzales county on October 12, 1868.

On the twenty-ninth of January, 1870, a judgment was rendered by a justice of the peace in Gonzales county against M. H. and H. C. Beaty. On the twenty-sixth of November, 1870, this lot was levied on by virtue of an execution issued on said judgment, and after publication in a newspaper, as then required by law, was sold at public sale on the first Tuesday in January, 1871, to Thomas M. Harwood, for the sum of $50.

Harwood conveyed the same lot, on the ninth of January, 1871, to defendant, Kent, for $300, defendant being

at the time in possession of the lot as a tenant of Beaty.
On the sixteenth and seventeenth of February, 1871,
J. M. Russell, the county surveyor, under the direction
of M. H. Beaty, made the survey described in plaintiff's
petition. The survey embraces the lot in controversy,
and contains, according to the surveyor's statement, about
two hundred and one-sixth acres.

In April, 1871, M. H. Beaty died, and at the February
term, 1872, his widow, the appellee, brought this suit.

The homestead reservation, referred to by defendant in
the instructions asked by him and refused by the court,
was the one made by T. S. Walker in 1868, at the request
and under the supervision of M. H. Beaty, the head of the
family, and was, so far as the evidence goes, recognized
by him as his homestead until after the sale under execu-
tion of this lot, in 1871, to T. M. Harwood. The instruc-
tion was, therefore, proper under the pleadings and evi-
dence in the case, and was absolutely necessary to enable
the jury, by directing their attention to a material ques-
tion, to pass understandingly on all the questions before
them, and, by the aid of this instruction, determine
whether or not there had been such a selection of the
homestead and subsequent acknowledgment of it as
would justify them in finding a verdict adverse to the
right of plaintiff or her husband to change or enlarge the
boundaries of their homestead to the injury of parties who,
subsequent to the first selection and prior to the last one,
had acquired rights which were afterwards included in
the last homestead selection or survey.

There was error in the refusal to give the instructions
asked by defendant, for which the judgment is reversed
and the cause remanded.

REVERSED AND REMANDED.