## COTES & PATCHIN v. THE CITY OF DAVENPORT.

1. ACTION ON THE CASE AGAINST A CITY. ·The owner of property which is depreciated permanently in value, by carelessness in the improvement of a street, may recover damages of the city making such improvement, even though the property at the time was occupied by tenants. He may recover if he held the premises injured under a contract for a deed which was ultimately executed.
2. SAME: ALLEGATION. In an action to recover damages sustained by injury to premises occupied by a tenant, it is not necessary to allege specifically that the injury complained of was to the reversion.
3. SAME: INJURIES SUSTAINED BY THE TENANT. The landlord can in no case recover for injuries effecting the rights or possession of his tenant.
4. MUNICIPAL CORPORATIONS LIABLE FOR INJURIES. A municipal corporation is liable for the carelessness or neglect of its agents in the construction of public works, on the same principle that a natural person is liable for damages resulting from his carelessness, unskillfulness, or wrong-doing.
5. DEGREE OF PRUDENCE REQUIRED. The degree of prudence and skill required of a corporation is always in proportion to the character of the improvement, and the magnitude of the injury that will be likely to result from carelessness.
6. PLEADINGS: EVIDENCE. Under a plea of not guilty in an action on the case, which puts in issue all the material averments of the petition, all allegations must be proved; and in such cases, defects, whether of substance or form, which would be fatal upon demurrer, are cured by verdict, if the issue joined necessarily required proof of the facts defectively stated.
7. SAME: NO PREJUDICE. The appellate court will not disturb the judgment below because of defects in the pleadings, when the record shows that substantial justice has been done, and that such defects have worked no prejudice to either party.
8. SAME. The judgment below will not be reversed for erroneous ruling of the law, when the record shows that the appellant was not prejudiced by such ruling.
9. TENANCY: DURATION. When the duration of a tenancy is not shown it is presumed to be a tenancy at will.

*Appeal from the Scott District Court.*

THURSDAY, OCTOBER 13.

Plaintiffs claim damages for the act of defendant in grading

Cotes & Patchin v. The City of Davenport.

a certain street and alley, thereby throwing, as they claim, a large amount of water in and upon a lot owned by them, and injuring their buildings and some articles of personal property ; and for other injuries resulting from said grading. Verdict and judgment for plaintiffs. Defendant appeals.

*Grant* and *Lane*, for the appellant.

I. This was an action on the case, and under the plea of the general issue, the defendant should have been permitted to show any matters which operate in discharge of the cause of action, and to give in evidence any justification or excuse for it. 1 Chit. Pl. 528, (marginal).

II. The charter of the city of Davenport is a public act, of which the court will take judicial notice. 1 Greenl. Ev. sections 4–6, 480, 481; 2 Kent 275, (marginal).

III. The plaintiff can recover only for injury to the reversion, and to do this he must specifically allege injuries thereto. Sedg. Meas. Dam. 139; *Jackson* v. *Fisher*, 1 Maule & Selw. 234.

IV. A city authorized to grade streets is not liable for damages growing out of the proper exercise of its authority. *Creel* v. *The city of Keokuk*, 4, G. Greene 47 ; *Radcliffe* v. *The Mayor of Brooklyn*, 4, Com. 195; 2 Kent 275, (marginal); 1 Denio 595 ; *Mayor* v. *Randolph*, 4 Ser. & Watts 514; *The city of Saint Louis* v. *Gurno* 12 Mo. 415.

V. As the plaintiff's petition set up no charge of negligence, he was not entitled to recover for negligence. *Radcliffe* v. *Brooklyn*, above cited; *Richardson* v. *Talbott*, 2 Bibb. 282.

*Plummer & Van Hosen*, for the appellees.

I. Trespass can be maintained for an injury to the freehold, though the property be in the occupation of a tenant at will. *Davis* v. *Nash*, 31 Maine 411 ; *Starr* v. *Jackson*, 11 Mass. 519; *Hingham* v. *Sprague*, 15 Pick. 102.

II. A municipal corporation is not liable for damages resulting from an act done under lawful authority, unless it is done in a careless, negligent and unskillful manner, or without proper care, skill or prudence; and the degree of care required is in proportion to the injury that negligence, under the circumstances, will produce. *Bailey* v. *The Mayor of New York*, 2 Denio 440; *The Rochester White Lead Works* v. *The City of Rochester*, 3 Com. 465; *Lacour* v. *The Mayor of New York*, 3 Duer 414; *Wallace* v. *The City of Muscatine*, 4 G. Greene 374; 3 Hill 536; Hill 532–613; 2 Denio 434; 1 Carter 281.

III. In actions on the case the verdict cures imperfections in the pleadings, when the issue tried necessarily required proof of the facts defectively stated. Steph. Pl. 180, (marginal.)

WRIGHT, C. J.—The petition contains two counts. The first charges that on, before, and after the first of June, 1857, plaintiffs were, and are still the owners of a lot (describing it,) in the city of Davenport; with the improvements thereon; consisting of a dwelling house, carpenter's shop and fences; that during the months of June, July and August of that year, defendant made a high embankment, or pile in front of said lot, on the west, and along the alley on the south, obstructing the passage to and from the house and shop aforesaid; that by reason of said embankment the natural course of the water flowing down from the bluffs or high lands to the north, was obstructed and turned upon the lot and buildings of the plaintiffs, whereby for a long space of time the cellar under the house was filled with water; access to the house and shop obstructed; the lot overflowed; the wood and lumber of plaintiffs thereon wet and damaged; the health of the occupants endangered and injured; and the lot and improvements generally depreciated.

The second count charges that in January, 1855, the city established the grade of this street along, and opposite said lot; that plaintiffs' house was built on said lot in February,

1856, to correspond with said grade; sets out the other improvements thereon in June, 1857, as stated in the first count; the carpenter's shop being on the alley and built to correspond with the grade; that after all these improvements were made, to-wit, in April, 1856, this grade was altered and changed, by which it became necessary to make a high embankment in front of the house and along the alley; that in the months of June, July and August, 1857, this embankment was made, to the injury of plaintiffs in the manner and to the extent stated in the first count.

The answer denies specifically each, and every allegation contained in the petition. Upon the trial, the city proposed to prove, that this street (Brady,) was used as a highway, and that the work was done thereon by virtue of its charter. This was objected to by plaintiffs upon the ground that these facts were not specifically set up in the answer, and the objection was sustained. Defendant asked leave to amend the answer, which was granted, and an amendment made to the effect that said street and alley, were public highways in said city; that said defendant by virtue of the charter, had power to establish and re-establish grades and make embankments and piles on the streets and alleys; that the grade on said street and alley was established prior to January 23, 1857, and that no alteration was made after that time; that under the law of the land defendant did make the embankment and fill in said street and alley; doing no unnecessary damage to plaintiff's property. To this there was a replication, denying each and every averment in said answer contained. Defendant was then allowed to prove, and did prove the matter before objected to.

Appellant first assigned for error, the rejection of the evidence offered under the pleadings as they stood before amending the answer; defendant claiming that this is an action on the case; that the answer was substantially "not guilty;" and that there-under, the defendant not only puts the plaintiffs on proof of the whole charge contained in their petition, but might also show matter in discharge of the cause of ac-

tion, or any justification or excuse for the injury done, if any. Grant the rule and still there was no error of which appellant can complain. The testimony offered was received, after the amendment to the answer, and without affixing any terms as to the condition of said amendment. There was no prejudice, and therefore, no error that can now avail.

At the time this work was progressing, a portion of the premises was occupied by a tenant. Prior to April 1, 1857, the title was in one Hughes, who on that day entered into a contract with plaintiffs to convey the same to them. July 16, 1857, Hughes made this conveyance, and on the 17, the plaintiffs gave a deed of trust to secure the payment of certain money, upon which the lot was sold in July, 1858. This action was commenced in September, 1857. Under this state of facts, defendant asked this instruction, with others of the same import:—That if plaintiffs leased the premises or any part of them, and the lessee was in the actual possession thereof during the time the alleged injury is charged to have been committed, that for such injury the plaintiffs cannot recover under their petition. This instruction was refused and the jury charged:—That if another person was in possession of a portion of the premises, as a tenant of the plaintiffs, at the time of the alleged injuries, and if there was no proof of the terms on which the tenant entered, he is presumed to be a tenant at will; that in no event could plaintiffs recover damages for injuries done to the tenant's rights; such as the inconvenience suffered by him and his family in their occupancy of the premises; that the existence of such tenancy as to part of the premises would not prevent the plaintiffs from recovering for injuries to other portions or to the property, (the word *property* being used in contra-distinction to *possession*,) though the *property* thus injured was at the time in the possession of the tenant; and that the jury would be careful to distinguish between the rights of plaintiffs and of the tenant on the premises. In refusing the instruction asked and giving the above set out, there was no error. The testimony, (all of it being before us,) does not

show the duration of the tenancy. The presumption therefore is that it was at will. Code, section 1208. For an injury to the tenant, plaintiffs could not recover, of course. But for an injury to their own possessions, (and it appears that they occupied the shop,) to the wood and lumber on the lot, and for that which actually depreciated the value of the property they could recover  And this they could do if being in possession they held a contract for a deed, which was subsequently consummated. Nor would the trust deed to secure a sum of money, defeat plaintiffs' right. The argument of defendant's counsel assumes that the action is brought alone for the injury to the possession, whereas we understand the petition as claiming damages for injuries to the possession, and also those affecting the permanent value of the property. If the city, in the prosecution of this improvement was guilty of carelessness, which resulted in throwing a body of water on to plaintiffs' premises, washing away their houses and the improvements upon the lot, thereby permanently depreciating its value, they could recover though the premises were at the time occupied by tenants, and without avering specifically that the injury was to the reversion, the recovery being confined to such injuries as affected the property, and not the rights and possession of the tenant.

By the 8th section of chapter 90, (amending the charter of the city of Davenport,) Laws of 1857, p. 92, it is provided that "where a grade has been established by the city engineer, and any person has built or made any improvements on a street according to said grade, and the city authorities shall alter said grade in such a manner as to injure or diminish the value of said property, said city shall pay to the owner or owners of said property so injured, the amount of such damage or injury." Section nine and those following, provide for the manner of assessing such damages, to wit, by three commissioners selected as therein specified. This act was approved January 23, 1857.

The court charged that by the common law, or aside from

an act of the legislature to that effect, the city is not liable
for damages done to property in consequence of establishing
or changing the grade of streets or alleys; that if the grade
in this instance was established in 1855, and if plaintiffs
made their improvements in accordance with that grade, and
if after this, to wit, in 1856, the grade was changed, the city
would not be liable for any damages necessarily resulting
from a judicious, proper and skillful performance of the work,
in filling the street and alley, though such work was done in
accordance with the grade of 1856, and after the taking ef-
fect of the act of January 23, 1857. And again, that in the
case supposed, the city would not be liable if the "injuries
are the necessary consequences of a skillful, cautious, pru-
dent performance of the work of filling up such streets and
alleys;" defendant is not liable for damages which resulted
from a proper and prudent exercise of the power to grade
and fill streets and alleys; and if this power was not prop-
erly exercised, the city would be liable, (if liable at all un-
der the evidence of which you are to judge,) for the dama-
ges done in consequence of this want of care; and not for
damages which would be consequent upon the proper and
careful performance of the work. A city, in grading, must
act cautiously and skillfully, or the charter will afford no pro-
tection for damages which result from the negligent, unskill-
ful or improper exercise of her powers. It is for you to say
whether this work was done with proper care, skill and pru-
dence: If you find that there has been no change of grade
since January 23, 1857, and that the work was done by the
city in filling up the street and alley to a prior grade line,
with proper care and judiciousness, the plaintiffs cannot re-
cover. But if, on the other hand, the work was not done
with proper care and judiciousness, and if in consequence
thereof the property was injured, then plaintiffs may recov-
er. It was the duty of the city to take care that no unnec-
essary damage was done, and whether there was such, was
to be determined from all of the facts and circumstances in

proof; and in determining this, the jury will consider the location of the premises, the character of the improvements thereon, and the nature of the work done by the city. That in making such improvements the degree of care required is in proportion to the nature and extent of the injury which will be likely to result from the want of proper care. If, in doing this work it was practicable for the defendant by temporary drains to have prevented the injury; and if a prudent and discreet man would have done so, if the risk had been his own, then it was the duty of the city to construct the same. If in filling the street and alley it was practicable for the defendant, by leaving openings in the bank, by constructing temporary culverts, or otherwise to have prevented damage, then it was the duty of the city to do so; and if she did not do so, or did not act cautiously and providently, that is as a prudent and discreet firm would act, if the risk were its own, then defendant would be liable. And finally upon this part of the case—that if it was just or practicable to have filled and graded the street first, and afterwards the alley, and if by doing so, less damage or no damage, would have been occasioned, then it is for you to say whether, if the work was not thus done, the city acted prudently and cautiously.

We have been thus particular in setting out these instructions, because appellant objects to all and each of them, and complains of the act of the court in refusing those asked upon the same subject. It seems that all of the instructions asked by both parties, were refused except as given in the charge in chief. The exceptions taken go to the entire body of those above quoted and also to the use of particular words and phrases, which it is claimed were calculated to mislead the jury.

The doctrine that the city is not liable, unless made so by some statutory provision is very distinctly and unequivocally enunciated, and thus far of course there is no ground for complaint. And as it is very clearly shown from the testimony that there was no change of grade after January 23,

1857, and as the jury were told that this act was prospective and the city would not be liable for work done afterward under a grade previously established, if done with proper care, caution and prudence, it is very evident that the case must have been decided and turned upon the question of care or want of care, or in other words, the jury must have found that the city did not use proper skill and caution in doing the work. Was there error then in the rules given to the jury for their guidance in determining the question of care, skill, and prudence? We think not.

The doctrine that a municipal corporation is liable for malfeasance, or the negligence of its agents in the construction of public improvements upon precisely the same principle and under the same circumstances as the individual citizen, and that the law will protect a party who is injured by the negligence or unskillful act of another, whether it be the act of a public corporation or a private individual, now has been recognized in this State, and may be regarded as well established. *Wallace* v. *Muscatine City*, 4 G. Greene 373; *Creel* v. *City of Keokuk*, Ib. 47; *Ross* v. *City of Madison*, 1 Carter, 281, where it is said "that corporations are responsible to the same extent and in the same manner as natural persons for injuries occasioned by the negligence or unskillfulness of their agents in the construction of works for the benefit of cities and towns under their government." And see *City of N. Y.* v. *Bailey*, 2 Denio 433; *White Lead Co.* v. *City of Rochester*, 3 Com. 463; *Hay* v. *Cohoes Co.* 2 Ib. 159; Ib. 163, and 165. These cases, and others, in speaking of the degree of care and caution required in making these improvements, and what negligence or unskillfulness will render the corporation liable, use such language as follows: "The city must act *cautiously* and *skillfully* in making her grades or the charter will afford no protection." 4 G. Greene 50. "The *negligent* or *unskillful* manner of using or appropriating the property, &c." Ib. 375. "For injuries occasioned by the *negligence* or *unskillfulness*, &c." 1 Carter 284. "A preliminary question is, whether all reasonable

*precaution,* against *possible or contingent* injuries was taken; and whether the culvert was built in a manner so *skillful* as to shield the corporation from the charge of malfeasance in the execution of their duty. In the construction of a work like this, they were bound to exercise that *care and prudence* which a *discreet* and *cautious* man would and ought to use, if the whole risk or loss were to be his alone." The council having directed the improvement, "the further prosecution of it is purely of a ministerial character, the agents to perform it are selected by the corporation, and they are bound to see that it is done in a *safe* and *skillful* manner." 3 Comstock 465–7. The words *"due care and caution,"* are used in 2 John. 286. The degree of *care* and *foresight* which it is necessary to use," &c., 2 Denio 440. Where the work is purely ministerial, the corporation is subject to the same rules which govern the individual, and is "liable in damages for the *improper* and negligent exercise of duty." 3 Duer, 414. "As a general rule a man who exercises *proper care and skill,* may do what he will with his own property." A person may render himself liable, by "using his own property in such a *negligent and improper* manner as to cause an injury to another." 4 Com. 196–7.

From the above quotations, it will be observed that in defining the degree of care or caution required of the city, the court below has used in many instances the precise language of the cases, and the only ground for complaint is that it has used other words, such as "judiciously" and "prudent." This latter word is used in several of the cases cited, and whether so or not, we cannot believe, taking the instructions all together, that there was any error in this respect, and least of all, any to the prejudice of the city. The *prudent* man is a *cautious* man—*practically wise;* and to act *judiciously* is to exercise *good judgment;* to act *skillfully,* with discretion or wisdom—*prudently* (Webster). It would be doing violence to the language used in the several parts of the charge, to suppose that the jury held the city to any higher degree of care, or skill, than the law clearly requires,

in consequence of the use of these words.   They do not imply the use of the highest scientific skill, or the largest amount of wisdom, but such as might be necessary for the proper and prudent accomplishment of the work undertaken ; and this is required to be in proportion to the character of the improvement, and the magnitude or extent of the injury which will be likely to result from the want of proper skill and prudence.   In view of the rights of others, a party must act skillfully, cautiously, and judiciously, whether constructing the smallest culvert or carrying out the most expensive and general system of improvements; but the amount of skill required would be in proportion to the magnitude of the work.   So with reference to the injury likely to result; for while caution and prudence is necessary, if there is danger of injury to the smallest tenement, more would be required if the injury is to affect property vastly more valuable.

The duty of the city to construct temporary drains, if practicable, in such cases, is expressly recognized in some of the cases cited, and seems to us to be unquestionable.  · The corporation may not have been liable for a failure to enter upon the work, but having elected to act, or to proceed with the grading under the power granted, they must be held responsible for its proper and prudent execution.   *Fune* v. *Mayor et al.*, 3 Hill 612 ; *People* v. *Corp. of Albany*, 11 Wend. 543 ; 3 Comstock 463, approved in 4 Ib. 199, 200 ; 3 Duer 403.)   How far it would be the duty to keep up such drains or culverts permanently, and after the plaintiffs had had a reasonable opportunity or time to raise their lot to correspond with the grade, we do not undertake to say, for no such question is made.

· It is further claimed that as the petition contains no charge of negligence or carelessness, the plaintiff cannot recover for any injury resulting from the want of prudence and caution; that an instruction to this effect should have been given and the motion for judgment *non obstante veredicto*, sustained.   That the petition is defective in this respect is undeniable.   What shall be the effect of this defect under the

circumstances ? The rule is that in an action on the case a plea of not guilty, puts in issue all material averments in the petition. An averment is material unless it may be struck out as surplusage, and what cannot be thus struck out must be proved. Chit. Pl. 372. Though the defect, whether of substance or form, would have been fatal on demurrer, yet if the issue joined is such as necessarily required proof of the facts so defectively stated or omitted, and without which it is not presumed that either the judge would direct the jury to give, or the jury would have given the verdict, such defect will be cured by verdict. Steph. Pl. 180. This case strictly comes within neither of these rules, and is to be sustained upon the ground that the case was tried, as if the issue as to negligence or want of care was fully and sufficiently made up on the averment of the answer that the city made the fill, *"doing no unnecessary damage to the plaintiffs property."* It is very manifest that the great body of the testimony was directed to this part of the case ; and indeed the law being decided against the plaintiffs' right to recover upon any other ground, this was the only matter of fact in controversy. Both parties throughout the trial, seem to have taken it for granted that this was first in issue, and that the case turned upon it. Under such circumstances, we do not believe that under our system of practice, there was any error, such as prejudiced defendant's rights, in refusing to give the instruction or in not arresting the judgment. It is impossible to perceive why substantial justice has not been as fully administered as though the pleadings had been in the most perfect form, or complete state, and if so, the judgment should not be disturbed.

We are not prepared to say that the verdict was so far against the evidence, upon the subject of carelessness in doing the work, as to justify a new trial.

Judgment affirmed.