## SMITH V. GRABLE.

1. PLEADINGS: INTEMPERANCE. In an action to recover the value of goods exchanged for intoxicating liquors in violation of law, the plaintiff may treat the contract of exchange as void, and if it is set up as a valid defense, he may then show that it falls within the statutory prohibition.

*Appeal from Scott District Court.*

TUESDAY, JANUARY 6, 1863.

THE facts are sufficiently stated in the opinion of the Court.

*Parker* and *Edwards* for the appellant.

*Bennett & Whitcomb* for the appellee.

WRIGHT, J.— Plaintiff sues for the value of certain property sold by one Sherman to defendant, the account for which was duly assigned. Defendant pleads an accord and satisfaction. Reply, that the pretended satisfaction arose in this way: That Sherman exchanged the property named in the account for certain intoxicating liquors; that the sale of said liquors, by defendant, was made in violation

of law; and, further, that said liquors were adulterated, and defendant practised a fraud.

On the trial, objections were made by defendant to plaintiff's testimony, and exceptions taken to the refusal and giving of certain instructions. Without examining the points made in detail, our views of the case will be sufficiently presented by the statement of a few general principles.

To enable plaintiff to avoid the effect of the supposed accord and satisfaction, it was not necessary for him to amend his petition, and present his claim in the first instance as one made upon the promise of defendant to pay the value of the goods given in exchange or compensation of such liquors. He had a right to treat the transaction as void, and if defendant insisted upon its validity to reply to the matter, which, under the statute, would show that it fell within the statutory prohibitions.

And especially is this true, when issue was joined by defendant, and no exceptions taken until after the commencement of the trial. Rev. of 1860, § 1571; *Cotes & Patchin* v. *City of Davenport*, 9 Iowa, 237; *Seevers* v. *Hamilton*, 11 Id., 66. Plaintiff does not sue for a tort, and any point made that an action for such an injury cannot be assigned, does not arise.

The testimony is not set out in detail, and the applicability of some of the instructions asked by defendant, does not affirmatively appear. We cannot, therefore, say that there was error in their refusal. As to others, they were completely and fully covered by the instructions in chief, and the Court was not bound to repeat them.

Affirmed.