## DAVIS v. SLATER.

1. **Intoxicating liquors: CONTRACT.** When the consideration of a contract is the illegal sale of intoxicating liquors, it is, by statute, utterly void as against all persons.

*Appeal from Van Buren District Court.*

WEDNESDAY, OCTOBER 19.

ILLEGAL CONTRACTS: PROHIBITORY LIQUOR LAW: DEMURRER TO ANSWER. One Emil Sterne, by written lease, demised certain land to the defendant for one year, the defendant agreeing to pay as rent six hundred bushels of corn. The plaintiff alleges that the lessor (Sterne), " for a valuable consideration, bargained and sold to him (Davis)

the said rent of six hundred bushels of corn called for in the said lease ;" that the corn has been duly demanded, and its delivery refused. To recover the value of said corn, this action is brought. It was originally brought in the name of " Emil Sterne, for the use of Andrew J. Davis," but subsequently, on the plaintiff's own motion, it was " ordered that this cause be prosecuted in the name of A. J. Davis." Among other defenses, the defendant set up the following: " That the said sale of said claim for rent from Sterne to the plaintiff Davis, was illegal and void and without any valuable consideration, in this, that the only consideration therefor was the payment by Davis to Sterne of the sum of ninety dollars in intoxicating liquors (here setting forth the quantity and price); that said sale was made in violation of the laws of the State, viz., the act of January 22d, 1855; that Davis is not the owner of the claim sued on, has no legal right to bring this action, and that the pretended sale by Sterne to Davis transferred to the latter no right of property in the said claim." To this defense the plaintiff demurred, and the demurrer was overruled. Plaintiff excepted, and appeals.

*L. W. Pettitt, Knapp & Wright* for the appellant.

*Joseph F. Smith* for the appellee.

DILLON, J.— Counsel agree that the only question to be determined upon this record, is whether the court below I. Intoxi- ruled correctly in overruling the demurrer of the cating liquors. plaintiff to the answer, and thereby holding that the answer averring that the plaintiff bought the claim sued on with intoxicating liquors, sold in violation of the laws of Iowa, for the suppression of intemperance, was good. The answer to this question depends upon the construction of the act of January 22d, 1855, known as the Prohibitory Liquor Law. Rev., ch. 64. By this act, it is

provided (Rev., § 1571) that "all payments or compensation for intoxicating liquors, sold in violation of this act, whether such payments or compensation be in money, goods, land, labor or anything else whatsoever, shall be held to have been received in violation of law, and against equity and good conscience, and to have been received upon a valid promise and agreement of the receiver, in consideration of the receipt thereof, to pay on demand to the person furnishing such consideration, the amount of said money, or the just value of such goods, land, labor or other things. All sales, transfers, conveyances, mortgages, liens and securities of every kind which shall have been made for or on account of intoxicating liquors sold in violation of this act, shall be *utterly null and void* against *all persons in all cases*, and no rights of any kind shall be acquired thereby." The law then excepts from its operation the *bona fide* holder for value of negotiable paper, and the *bona fide* holder of land or other property without notice.

This act bears, in its very title, its object, "the suppression of intemperance." All of its machinery, providing for search, seizure and destruction of liquor owned or held in violation of law, is designed for the purpose of effectuating this object. By it, liquor of the prohibited kind, owned or sold contrary to the provisions of the law, is emphatically contraband. The better to accomplish the end in view, the provisions above quoted are enacted; the effect of which is to deprive the vendor of intoxicating liquor sold in violation of law, of all right to recover for it, and to invest the vendee, if he has paid for it, with the right to recover the amount or value of such payment, and to deprive the illegal vendor of any rights based upon an unlawful sale. *Smith* v. *Grable*, 14 Iowa, 429.

It will be seen that its strongest penalties are denounced chiefly against the unlawful *vendor* of the prohibited liquor.

Davis v. Slater.

With respect to unlawful sales, or contracts with reference to such sales, he has no rights which can be asserted in the courts of the State. In the case at bar, the plaintiff was the unlawful vendor. The sale to him of the claim upon which he brings suit, was in consideration of intoxicating liquors, sold by him contrary to law. It occurred to us at first, that this would not avail the defendant—that it was a matter which did not concern him. Ordinarily, this would be so. And we think it would be so if the first sentence above quoted (§ 1571) stood alone. But then the next sentence plainly declares that "all sales, transfers, &c., of *every kind* made for, or on account of intoxicating liquors sold in violation of this act, shall be utterly *null and void* against *all persons* in *all cases*, and no *rights* of any kind shall be *acquired thereby*." This concludes the question. The plaintiff sues as. an assignee. He must show title in the claim, in order to recover. He has no written transfer, if it be conceded that this would make a difference. The transfer upon which he does rely, the law declares, in language whose plainness is equaled only by its comprehensiveness, to be "utterly null and void," not only as against Sterne, but "against *all persons* in *all cases*."

"No rights of any kind can be acquired thereby" by the plaintiff. If the transfer of the lease is thus null and void and insusceptible of conferring any rights upon the plaintiff, it follows, as a legal consequence, that he cannot maintain an action which necessarily involves and puts in issue, both his title and the validity of his title to the claim which constitutes the basis of such action. These views are coincident with those of the court below, and they seem to us clearly correct. They are in entire accord with the letter and spirit of the law, harmonize with its manifest policy, and are calculated to advance its declared end. Remanded with leave to plaintiff to reply, if so advised.                                    Affirmed.