### CLAY v. ALCOCK.

Pleading: DENIAL OF REITERATED AVERMENTS. Whether a reiteration of the allegations of a previous pleading which has already been denied, requires a reiterated denial, *quere*. But, where there has been a trial on the merits, and the transcript does not disclose that any claim was made during the trial, that such "reiteration" should be taken as true, no advantage can thereafter be taken of such want of denial.

*Appeal from Delaware District Court.*

SATURDAY, JANUARY 25.

ORDINARY action by a tenant against his landlord for a failure to build and repair fences pursuant to agreement. Trial by jury; verdict and judgment for plaintiff. The defendant appeals. The further facts are stated in the opinion.

*J. M. Brayton* for the appellant.

*S. G. Van Anda* for the appellee.

COLE, J. — The plaintiff filed his petition claiming $400 from defendant, because of his failure to keep certain fences in repair, according to the terms of a parol lease between defendant and plaintiff. The defendant filed his answer; in the first count of which he denied the statements of plaintiff's petition; and in the second and third counts, set up a claim for $550, by way of cross-action, for the failure of plaintiff to perform his agreements in the lease. To this cross-action, the plaintiff filed his replication in denial.

*PLEADING: denial of reiterated averments.*

The plaintiff then filed an amended petition, whereby he claimed the same amount for defendant's failure in like particulars, to perform the stipulations of a written lease. The defendant answered this amended petition by a general denial; and for cross demand the "defendant reiterates all of the statements and matters, and things set forth in the second and third counts of his former answer." To this answer no reply was ever filed, so far as the transcript discloses.

There was a trial to a jury, which resulted in a verdict for plaintiff, for $183. The defendant then moved for a judgment *non obstante veredicto*, which was overruled by the District Court, and judgment rendered upon the verdict.

The evidence upon which the jury based their verdict is not contained in the transcript. No part of the evidence is before us. It is impossible for us to say, but that evidence was introduced before the jury, without objection on the part of the defendant, completely negativing his cross-action. If such was the case, the defendant ought not to have a judgment upon his cross claim thus disproved.

It does not appear that the defendant objected to the admission of any evidence or that he made any claim that the statements of his cross-action were admitted, or asked

Clay v. Alcock.

any instruction to the jury that they were to take the allegations thereof as true. But there was a full and fair trial as upon the merits. The first mention that was made of the failure to controvert the allegations of the cross-action, is by the motion for a judgment notwithstanding the verdict. Our system of practice neither encourages nor allows of an attack from masked batteries, or charges from ambush upon an unsuspecting adversary. But each party must advise the other, by a timely motion, or pleading, of his claim, so as to afford an opportunity for a fair trial upon the merits of the controversy between the parties. In this case the defendant should have asked an instruction to the jury, that the allegations of his cross-action, being undenied (if they were so), were to be taken by them as true. Or, by some other action, he should have manifested his claim that the cross-action was admitted in order that the jury might try the real question claimed by the defendant to have been submitted to them.

Without deciding whether such a "reiteration" of the allegations of a previous pleading already denied, requires a reiterated denial, we hold that where there has been a trial upon the merits, and for aught that appears, substantial justice done, and the transcript does not disclose any claim during the trial that such "reiteration" is to be taken as confessed, no advantage can be taken after the trial of such want of denial. This holding is in accordance with our previous decisions. *Cotes & Patchin* v. *The City of Davenport*, 9 Iowa, 227; *Doniphan & Hughes* v. *Street et al.*, 17 Id. 317; *Weimer* v. *Linhard*, 12 Id. 359, and cases cited.

Affirmed.