THE CITY OF McGREGOR v. BOYLE.

1. **Corporation municipal:** STREETS AND SEWERS. The construction, by a city having exclusive control of its streets, of a sewer in front of an individual's lot, which renders access thereto difficult and

dangerous, will not justify him in abating what he deems a nuisance, by filling up the sewer, even though it be improperly and negligently constructed.

2 —— But, in such case, he would have a right of action against the city, for damages caused by such negligent construction.

*Appeal from Clayton Circuit Court.*

THURSDAY, JUNE 20.

THIS action was brought originally before a justice of the peace, and appealed to the circuit court. The petition claims $50, as damages on account of the defendant filling up, and placing earth and rocks in a certain sewer constructed by the city in Ann street, in front of defendant's lot in the city of McGregor, and also to recover certain penalties under a city ordinance as follows: "No person shall deposit any dirt, rock, earth, or any other obstruction, in the streets or alleys of the city of McGregor, without the consent of the city council. Any person violating this ordinance shall be liable to a fine of not less than $3, and for each day said obstruction shall remain after the violator shall be notified by the marshal to remove the same, a fine of not less than $1.

The first count of the answer states in substance, that defendant is the owner and in possession of lot 13, in the city of McGregor; that the plaintiff constructed a covered sewer in the street, and within a few inches of the front end of his lot, leaving the top or cover of the sewer four or five feet lower than the surface of the lot and the grade of the street, thereby constructing a ditch four or five feet deep, and about the same in width along the entire front of defendant's lot; that, prior to the construction of said sewer, the surface of the lot and street were in the same place; that, after the construction of the sewer, access to the lot was rendered difficult and dangerous, and the obstruction became a nuisance; that he filled up this ditch,

making the same on a level with the grade of the street, claiming that he had a right to do so, and that this is the injury complained of.

The second count is substantially the same as the first.

The third count sets out the same facts, and alleges, further, that, in the construction of the sewer, the "plaintiff wrongfully and negligently omitted to fill up the ditch," above the cover of the sewer thus rendering access to defendant's lot difficult and unsafe, and a nuisance to him, and he claims $100 damages for the injury thus caused by the plaintiff.

A demurrer to each count of the answer was overruled, to which the plaintiff excepted and appeals.

*Elijah Odell* for the appellant.

*Noble, Hatch & Frese* for the appellee.

MILLER, J. — The defendant does not deny any of the facts alleged in the petition. In the first and second counts of his answer he undertakes to show by the facts stated, that the city had constructed a sewer in the street in front of his property, which rendered access thereto difficult and dangerous, and he claimed the right to fill up the ditch left by the city.

The city has full control and charge of all the streets, alleys and improvements thereof, within the city limits. This is admitted by the pleadings. Having exclusive control of the streets, etc., the city council passed, as they had the power to do, an ordinance forbidding any person depositing any earth, rock, etc., in the streets without the consent of the city council. No private individual had any right to deposit any earth or other prohibited materials upon any of the streets without permission from the city council; nor any right to interfere with the improvements by the city upon its streets. The defendant

does not allege in either the first or second count of his answer, that the city was negligent in the construction of the sewer, and claim damages by reason thereof. In these two counts he substantially admits that he did the acts complained of, but claims that he had a right to do so, because the city improvement rendered access to his lot difficult and dangerous.

The city having exclusive control over the streets and alleys of the city, to grade, gutter and improve the same according to its own judgment, the defendant could not lawfully interfere to change or undo improvements made by the city authorities. The city, as a public corporation, had the right to construct the sewer in question, and, unless the work has been negligently or unskillfully performed, the defendant would have no right of action for consequential injuries to his property; but if the city authorities constructed the sewer in an unskillful or improper manner, whereby the property of the defendant was injured, he may recover damages for injuries to his property *caused* by such *negligence* or *unskillfulness*. *Creal* v. *The City of Keokuk*, 4 G. Greene, 47; *Cotes & Patchen* v. *The City of Davenport*, 9 Iowa, 227; *Ellis* v. *Iowa City*, 29 id. 229; *Russell* v. *The City of Burlington*, 30 id. 262. But while the defendant may have his action against the city for injuries to his property, resulting from the careless or unskillful construction of improvements upon the streets, yet even such carelessness or unskillfulness will not authorize the defendant to interfere with the work upon the streets. He has no such authority. The *authority* is vested exclusively in the city.

The improvement being authorized by law, and constructed by the agents on whom the law conferred the authority, such improvement, though carelessly or unskillfully made, did not constitute a nuisance so that the defendant could lawfully interpose and remove the same. His remedy, in case of injury to his property in consequence

of such careless or unskillful construction, is by action for damages.

The demurrer should have been sustained to the first and second counts of the answer, on the ground that they do not state facts constituting a defense.

II. From what has already been said as to the right of the defendant to *sue* the city and recover for injuries to his property, which were the results of the *negligent* or *unskillful* construction of the sewer by the city authorities, it follows that the demurrer was properly overruled as to the third count of the answer. The allegations of this court are, that, in the construction of the sewer, the city wrongfully and *negligently* omitted to fill up the ditch, etc., thus obstructing access to his lot, making it inconvenient and unsafe to use the same, to his damage, etc. It is not necessary that this count should allege that the city acted maliciously in the premises. It is sufficient when it alleges that the work was done in a negligent manner, and that, in consequence of such negligence, the defendant's property has been injured.

For the errors above noticed the judgment is

Reversed.