### J. B. ALLISON AND WIFE V. J. C. SHILLING.

It is a general rule in equity pleading that all persons whose interests are to be affected by a suit, are necessary parties to it.

A. made his title bond for land to B., who subsequently assigned and transferred the same to C. Afterwards, C. executed his own bond for part of the land to D,, and the latter subsequently conveyed the same land by his title bond to the plaintiff, who sued A. for a specific performance. *Held*, that there is no privity of contract between the plaintiff and the defendant, and that the persons through whom the plaintiff derived his equitable title were necessary parties, for the *non-joinder* of whom the exception of the defendant to the plaintiff's petition ought to have been sustained.

The bond of a husband to convey, at a future day, a tract of land which then was the homestead of himself and wife, is not an unlawful undertaking, though it would not be enforced, against the wife's objection, so long as the land remained the homestead of the family.

But, after the wife has voluntarily left the former homestead, and has accompanied the husband to, and accepted, the new homestead provided by him, she can no longer insist that her homestead rights still attach to the abandoned premises.

The object of the constitution in this particular is to secure a home to the wife and family against the improvidence of the husband ; but it does not intend to jeopardize the rights of other parties, or to leave the wife in doubt as to what premises her homestead rights attach, if, at different times during coverture, she has removed with her husband from one homestead to another.

APPEAL from Tyler. Tried below before the Hon. J. M. Maxcy.

John C. Shilling, the appellee, brought this suit in the District Court of Tyler county, to compel the appellant, Joseph B. Allison, to execute to the plaintiff a "warrantee title" to a tract of one hundred and sixty acres of land, described by metes and bounds.

The petition was filed March 1, 1858, and alleged that the defendant, on the 19th of December, 1851, executed and delivered his title bond to Thomas B. Greenwood, covenanting therein to convey title to said Greenwood to two tracts of land in Tyler county of 160 acres each, so soon as patents should be issued by

the State. That afterwards the said Greenwood assigned and transferred all his rights in said land to James R. Washington. That, on the 20th day of January, 1854, the said Washington made and delivered to one Jeremiah Jones his bond for title to one of the two tracts mentioned in the bond of Allison to Greenwood, and bound himself in a penalty of $500 to make to Jones or his heirs, or assignees, a good title thereto so soon as he should procure title from Greenwood. That Jones and wife, on the 7th of March, 1857, made their bond to petitioner, covenanting to convey title to him for the last mentioned tract upon his payment of $485 purchase money then not due. That petitioner had fully paid to said Jones his purchase money, and that the defendant Allison had received all of his purchase money, and had obtained the patent for the land, but refused to convey title to the plaintiff. Prayer, that title be decreed to petitioner, or that the defendant be compelled to make to him a " warrantee title " for the land in controversy.

The defendant demurred generally, and also specially excepted to the petition on the ground that Jeremiah Jones and wife were shown by plaintiff's petition to be equitably interested in the suit, and were necessary parties to it. Other matters not necessary to be specified, were set up in defence.

On the 3d of May, 1859, Sarah Allison, the wife of the defendant, filed her petition of intervention, and prayed that she be made a party to the suit. She alleged that in 1851, at the date of the defendant's title bond to Greenwood, the tract of land in controversy was the homestead of this intervenor and her said husband, and she avers that it is still their homestead; that she has never, on any occasion, given her consent, either directly or indirectly, to the sale of it; that she refused to sign or execute any bond for the same, or in any manner, or form to relinquish her right thereto, and had told the said Washington, and also the plaintiff, that she would never convey it to any one; that some six months after the execution of the said bond by her husband, he removed himself and his effects to a portion of the vacant public domain in Tyler county, and that she followed and lived with him; but that she has never accepted, and does not now accept

the same as a homestead in lieu of the premises described in the plaintiff's petition. Wherefore, she prays that the bond of said Joseph B. Allison be cancelled and annulled, &c.

To the petition of intervention, the plaintiff replied that the defendant Allison and his wife, since the execution of his bond to Greenwood, had acquired another homestead more valuable, or of equal value with the land sued for, and that they now resided upon the last named homestead, and have resided there for some time past.

The defendant's exceptions to the petition on account of *nonjoinder* of parties, and for other causes, were overruled by the court.

By an amended answer, the defendant again demurred and excepted, because " there is no privity of contract alleged in the plaintiff's petition, which shows any right in the plaintiff to maintain his said suit against this defendant;" and further, " that it is apparent, from the plaintiff's petition, that there are other and necessary parties, who should be before the court before any decree in the premises can be rendered." These exceptions, also, were overruled.

Upon the question of homestead, the court instructed the jury that, " if you believe from the evidence that Mrs. Allison, in connection with her husband, moved off from the premises sold, and now occupied by Shilling, the plaintiff, and acquired another, she cannot now set up her homestead right 'to the land sold to Shilling's vendor, because her homestead right cannot attach to two separate, distinct tracts of land at one and the same time. Her homestead rights now attach to her present domicil, and not to the one sold and long since abandoned, even without her consent ; and if you so believe, you will find for the plaintiff as against her upon her plea of intervention."

Verdict and judgment for plaintiff, and new trial refused.

*H. C. Pedigo*, for the appellant.

*Willson*, for the appellee.

Allison v. Shilling.

MOORE, J.—The exception of the defendant in the court below, who is the appellant in this court, to the plaintiff's petition, for the *non-joinder* of proper parties as defendants, should have been sustained. There is no privity between the parties to this suit in the contract, for which a specific performance is asked. The plaintiff is not the assignee of the bond which he seeks to enforce against the defendant. His right to maintain this suit, and to claim that the land described in the defendant's bond shall be decreed him, rests upon his equitable title from those who acquired a like title to it, under the defendant's vendee, the obligee in the bond upon which the plaintiff brings his suit. In considering who are the proper parties to suits by assignees upon bonds, Mr. Story lays down the following rule: " The true principle would seem to be that, in all cases where the assignment is absolute and unconditional, leaving no equitable interest whatever in the assignor, and the extent and validity of the assignment is not doubted or denied, and there is no remaining liability in the assignor to be affected by the decree, it is not necessary to make the latter a party. But where the assignment is not absolute and unconditional, or the extent or validity of the assignment is disputed or denied, or there are remaining rights or liabilities of the assignor, which may be affected by the decree, then he is not only a proper but a necessary party." (St. Eq. Pl., § 153.) It is a general rule in equity pleading that all persons whose interest is to be affected by a suit, are necessary parties to it. The plaintiff in this case seeks to divest the title out of the defendant, not in favor, however, of the party to whom he is bound by his bond, or its assignment, but in favor of one claiming under a contract to which he is a stranger, and, it must be presumed, ignorant as to its stipulations, and unadvised whether they have been fulfilled. Under these circumstances, we think, on principle and policy, the plaintiff should be required to make those through whom he claims the right of enforcing a contract, in which he has no privity, parties to his suit. The defendant should not be left to the danger of future liability to the obligee or assignee of his bond after the title has been divested out of him in favor of a stranger.

There is another question presented in the record upon which,

though not affecting the present result of the case, it is proper we should express an opinion. After the institution of this suit, the wife of the defendant, in the court below, intervened, and asks that the specific performance of the contract set forth in the defendant's bond be refused, and said bond cancelled and annulled. The ground upon which this action of the court is invoked, is that the land in question was, at and previous to the execution of said bond, the homestead of herself and husband; that she was at that time, and still continues, unwilling to its sale, and refused to join in, or consent thereto. In reference to this petition, the plaintiff alleges, and the proof sustains his statement, that immediately after the execution of the bond by the defendant, the intervenor removed with him to another tract of land in the neighborhood, upon which he had taken a pre-emption claim, where they made improvements of equal comfort and value with those on the place from which they removed. In view of these facts, we are of the opinion that the failure of the intervenor to consent to the sale of the land, or to join in the execution of the bond, and her dissatisfaction with the transaction, and unwillingness to part with the premises, furnish no grounds for withholding a decree, or for cancelling the bond as prayed for by her. Although a specific performance of the bond could not be decreed while the premises remained the homestead of the defendant and his wife, yet, the bond of the husband to convey at a future day a tract of land, although the homestead of himself and his wife, is not an unlawful undertaking. "It is true," as is said in the case of Brewer v. Wall, 23 Tex., 385, "while the premises, which the party might so undertake, by his bond, to convey, remain the homestead of himself and his wife, the courts would not decree a specific performance of the contract.

"But if the wife should die before the time expressed for the performance of the bond; or if, before the expiration of that time, the obligee in the bond, and his wife, should acquire another homestead, then the courts might decree the specific performance of the bond; because any legal obstacle to a specific performance would be removed." It is evident, after the wife has voluntarily left the former homestead, and accompanied the husband to and accepted the new one

provided by him, she can no longer insist that her homestead rights still attach to and control the abandoned premises.    The object of the constitution, in this particular, is to secure the wife and family a home against the improvidence of the husband; but it did not intend to jeopardize the rights of others, or to leave her in doubt as to what premises her rights attached, if, during coverture, she had, at different times, migrated with her husband from one homestead to another.    The judgment is reversed and the cause remanded.

Reversed and remanded.