BARNETT v. MENDENHALL.

1. **Homestead**: AGREEMENT TO CONVEY: HUSBAND AND WIFE. An agreement by the husband to convey the homestead, not concurred in by the wife, is absolutely void, and specific performance thereof cannot be enforced.

2. ———: CONVEYANCE OF. A conveyance of the homestead, or incumbrance thereof, can only be effected when husband and wife concur in and sign the same joint instrument.

3. ———: CONTRACT: DAMAGES. No damages are recoverable for the breach of contract by the husband to convey the homestead.

*Appeal from Dallas Circuit Court.*

WEDNESDAY, DECEMBER 29.

THE plaintiff alleges in his petition that on or about the 20th day of March, 1875, he and the defendant entered into a verbal contract, whereby the defendant agreed that he would sell to the plaintiff and cause to be conveyed to him, by good and sufficient warranty deed, certain real estate situated in Dallas county, Iowa, particularly described. The price of the premises, and the terms of payment, etc., are also set out. It is also alleged that the verbal contract was authorized and consented to by defendant's wife. Plaintiff also alleges a tender and offer to pay, and a demand of a conveyance as agreed upon, and a refusal by the defendant, and the damages he has sustained by reason of defendant's refusal to convey, for which he asks judgment.

The defendant answered as follows: "That he is now, and has been for twenty years last past, the owner of the premises described in plaintiff's petition. That a portion of said premises, to-wit: the northeast quarter of the southwest quarter of section twenty-one, township seventy-eight, range twenty-nine, west, is now, and has been for twenty years last past, the homestead of the defendant (who is a married man) and his wife, Mary Ann Mendenhall, and that said premises have been during the whole of said time, and are yet, used and

occupied by the defendant and his wife and family as a homestead; and that at the time the plaintiff alleges he purchased said real estate he knew of the fact of such occupancy of said premises as a homestead."

To this answer the court sustained a demurrer and defendant appeals.

*Nourse & Kauffman* and *Perkins & Barr*, for appellant.

A conveyance or incumbrance by the owner is of no validity unless the husband and wife, if the owner is married, concur in and sign the same joint instrument. (Code, §1990.) A contract to convey the homestead cannot be of more validity than a conveyance of the same, and cannot receive a more favorable construction than a deed. (*Yost v. Devault,* 9 Iowa, 60.) It has been held that the contract or conveyance is of no validity against the husband himself. (*Alley v. Bay,* 9 Iowa, 510; *Larson v. Reynolds & Packard,* 13 Id., 579; *Davis, Moody & Co. v. Kelly,* 14 Id., 525.) Specific performance of such a contract must be refused on the ground that it is not a good contract. (*Berlin v. Burns,* 17 Tex., 532; *Morris v. Ward,* 5 Kan., 239; *Conner v. McMurray,* 2 Allen, 202.)

*Willard, Callvert & Hopper,* for appellee.

MILLER, CH. J.—As the statement of the case shows, the action is brought to recover damages for a breach of a parol agreement, made by the defendant with the plaintiff, for the conveyance to the latter of certain real property. The defense set up is that a part of the land thus agreed to be conveyed was the homestead of defendant, occupied as such by himself, wife and children at the time the agreement to convey was entered into; that the same had been defendant's homestead thus occupied for twenty years last past, and that plaintiff knew these facts at the time of the making of said agreement.

The question presented in the record and arguments of counsel is whether the defendant is liable in damages for a failure to convey his homestead in pursuance of such parol agreement, his wife not having been a party to the agreement. The

Revision of 1860, section 2279, provided that a conveyance of the homestead by the owner "is of no validity unless the husband and wife (if the owner is married) concur in and sign such conveyance." Under this section this court held in *Alley v. Bay et al.*, 9 Iowa, 509, that a mortgage of the homestead made by the husband alone (he being the owner and a married man), was invalid, not simply as against the wife, but absolutely so. The same doctrine is held in *Yost v. Devault*, Ibid., 60. That was an action to enforce specific performance of a contract made by the husband to convey the homestead, and he pleaded that he could not convey because his wife refused to join in the deed. In construing the section of the Revision above referred to, the court say "that the statute declares *of no validity* a conveyance made by one of them; in other words, it requires the concurrence of the other. And it seems to require no reasoning to show that a contract to convey cannot have more force; and then when it is pleaded and shown that the property contracted constituted the homestead, this contract can receive no more favorable construction than a deed. And as, in the case of such deed, when it should be shown to carry the homestead of the party, and that his wife had not executed it, the grantee could not recover; so when it appears that a bond, covenanting to convey it, was not signed by her, a decree for specific performance cannot be passed." See, also, *Williams v. Swetland*, 10 Iowa, 51; *Larson v. Reynolds, et al.*, 13 Id., 579; *Burnap v. Cook*, 16 Id., 149.

The cases referred to settle two principles, namely: 1st. That a conveyance of the homestead by the owner (if married) is absolutely void, unless concurred in and signed by both husband and wife. 2d. That an agreement to convey the homestead under the same circumstances is likewise invalid, and will not support an action for specific performance.

The provision of the Code on this subject is, we think, clearer and stronger than that of the Revision above quoted. It is as follows: "A conveyance or incumbrance by the owner is of no validity unless the husband and wife, if the owner is married, concur in and sign the same joint instrument." Section 1990.

The question was made in *Luther v. Drake*, 21 Iowa, 92, whether a conveyance of the homestead by the husband in a deed in which the wife did not join, and by the wife in a deed in which the husband did not join, would pass the title to the grantee named in the separate deeds, or whether in order to a valid conveyance the husband and wife should have concurred in and signed one and the same conveyance. The opinion intimates that as then advised the members of the court were not united in the solution of this question, and it was left undecided.

The above provision of the Code, however, comes in and solves the question by requiring that in order to a valid conveyance of the homestead, the husband and wife, if the owner is married, shall "*concur in and sign the same joint instrument*." It declares that any conveyance or incumbrance not thus executed "is of no validity." It is clear, upon this ground also, that the agreement of the owner to convey is of no validity when it is not by a joint instrument concurred in and signed by both husband and wife, for this is the only valid mode of conveying or incumbering the homestead. The agreement in this case being the parol agreement of the husband alone is, therefore, of no validity for the double reason that it is not a *joint instrument of writing* concurred in and signed by *both* husband and wife.

The agreement being void, can the breach thereof, by the defendant, be made the basis of an action for damages? It would seem unnecessary to adduce any argument in support of the negative of this proposition. We have never yet found it stated in any text book or report of adjudged cases that an action would lie for refusing to perform a void agreement. The law awards damages for the breach of a contract, but an agreement which the law declares invalid is not a contract; it is an agreement which creates no obligation. There is, therefore, no breach where there is no obligation to perform. Unless a valid contract has been entered into there can be no legal breach for failing or refusing to perform it, and there can be no liability to an action of any kind for a failure to carry out an agreement which the law has declared to be in-

valid. The basis for the action for damages is the alleged breach of contract, but there being no *contract*—no binding contract—there is no basis for the action. For example, where the statute of frauds requires certain contracts to be in writing, no action for damages will lie against a person who takes advantage of the statute and refuses to perform a parol agreement which comes within the statute. So with agreements made on Sunday. They will not be enforced, nor will an action for damages lie against one who refuses to perform such contract. There can be no legal breach of such contract because the same has no binding force. There being no obligation to perform, no action for damages will lie for a refusal.

Counsel for appellee argue that although a conveyance of land to which the grantor had no title would be void as a conveyance, yet he might make a valid and binding contract to procure a good title to the land to be made to his vendee, and that for a breach of such contract he would be liable in damages; and they urge that, upon similar reasoning, the husband is liable upon his agreement to convey the homestead, although his deed without the concurrence of the wife would be invalid.

In the first place the learned counsel are mistaken in assuming that a contract for the conveyance of land to which the vendor has no title is of any greater validity or binding force than a deed of the land made by such person, with a covenant of seizin. In the case of the deed no title would pass, it is true, but if the grantor should subsequently acquire the title it would inure and pass to his grantee. And if he did not acquire the title an action on the covenant of seizin for damages would lie.

In the next place a contract to convey, or procure a conveyance for, land to which the vendor does not have title is not declared invalid by any statute, nor is it contrary to public policy or invalid under the common law of the country. On the other hand such contracts are valid and binding, and because they are so, actions for breaches thereof may be maintained.

So, also, where the vendor, being the owner of the land, makes a contract to convey the same, it not being or including

the homestead, and the wife refuses to join in the conveyance or to release her inchoate right of dower in the premises, the contract to convey is a legal and valid one, and while the husband cannot convey so as to bar the wife's right of dower, it is lawful for him to undertake by his contract to procure her relinquishment of dower, and he may be sued for a breach of such contract. These and like cases are unlike the case before us, and hence the arguments drawn from them are not applicable to this case.

We have examined all of the cases referred to and others to which no reference was made by counsel. In the recent work of Smyth on the "Law of Homestead and Exemptions," section 259, it is said that "it has been held in California, Michigan and in Texas, that an executory contract or bond by a married man to convey the homestead premises will not be specifically enforced, but a contract by him to convey the homestead is not void, and damages may be recovered against him for its breach." The only case cited by the learned author from Michigan is *Weed v. Terry*, 2 Douglas, 344. On examination of the case it is found not to support the text. It holds that equity will not compel the specific performance, by the husband, of his agreement to procure his wife to join him in the conveyance of real estate. No question of homestead was involved in the case. The California case cited also fails to support the text. It is *Clarkin v. Lewis*, 20 Cal., 634, and was an action to recover back the purchase money paid upon a contract to convey land of which the homestead was a part. The grantor tendered a deed duly executed by himself alone, his wife refusing to join. It was objected that the deed of the husband was not a compliance with the agreement, and the court held that the objection was valid.

The principle on which the plaintiff in that case recovered back the purchase money he had paid is the same as that recognized by this court in *Shannon v. Baumer*, 10 Iowa, 210, which was an action to recover back money deposited by the plaintiff with the defendant upon a wager. It was there held that the plaintiff was entitled to recover because the agreement upon which the money was deposited with the stake-

holder was *void*, and, therefore, the party betting might treat it as *no contract*, and recover his money. As supporting the same principle see *Smith v. Grable*, 14 Iowa, 429; *Davis v. Slater*, 17 Id., 250.

So, in the California case cited, the plaintiff was allowed to recover back the money paid because the agreement on which it had been paid was invalid or could not be enforced, but this decision does not support the proposition that an action for damages may be maintained for the refusal to perform an invalid agreement.

*Ray v. Young*, 13 Texas, 550, another case cited, has no question of homestead in it. The action was brought against an administrator to recover for work and labor, and materials furnished under a parol contract for a lease for more than one year, made with the intestate in his lifetime. The court held that the action was not based upon the parol agreement for a lease, but for work and labor, etc., and hence not within the statute of frauds, and that the plaintiff could maintain the action.

*Brewer v. Wall*, 23 Texas, 585, is also cited, and holds that the husband's bond to compel his wife to convey the homestead would be an unlawful contract, but his bond to convey it, by good title, at a future day, is not void and damages may be recovered from him, upon its breach; that though the specific performance of such a bond by the husband ought not to be decreed, whilst the premises remain the homestead of the obligor and his wife, yet that if they be either community property, or the separate property of the husband, and if the wife die, or if they acquire another homestead before the time specified for the performance, the specific execution of the contract may be decreed. *Allison v. Shilling*, 27 Texas, 450; *Cross v. Everts*, 28 Id., 523; and *Wright v. Hays*, 34 Id., 253, is to the same effect.

These four Texas cases are grounded upon the principle, as stated therein, that the separate agreement of the husband to convey the homestead is not an unlawful contract, and, therefore, not void; and yet the same court in *Berlin v. Burns et al.*, 17 Texas, 532, have held a different doctrine. In that

case the husband had entered into an agreement to convey the homestead, and the wife refused to join in the execution of the deed; the matter was compromised by the husband agreeing to pay a certain sum for the surrender and rescission of his agreement, for which sum he executed his promissory note. In a suit upon this note it was held that there was no valid consideration for the note; that in contemplation of law no damage results to the vendee for the breach of such contract to convey the homestead; that the covenant, so far as it imposes a duty on the husband to procure the assent of his wife, is contrary to law, and the supposed damage arising from its breach is no valid consideration for a subsequent contract, whether by way of compromise or as payment in full of such damages. This case is not referred to or mentioned in any of the subsequent Texas cases above cited, and must have been overlooked entirely by the learned court. Those cases, however, afford no guide or precedent for this court upon this question, since, upon examination of the statutes of Texas, no provision similar to section 1990 of our Code (Rev., § 2279) is found. This being so, the later decisions in that State may be considered entirely sound, for if the husband's agreement to convey the homestead is a lawful and valid agreement, he may properly be held liable in damages for a breach thereof. But, under our statute and the decisions of this court declaring and holding that such agreements are actually invalid, no liability of any kind results for a failure to perform.

It is proper that we should further notice one of the Texas cases, viz: *Cross v. Evarts*, which is cited as holding that an action for damages lies for a breach of an agreement by the husband alone to convey the homestead. This holding is based upon the fact the contract declared on was in writing, and the case expressly holds that such action could not be maintained were the contract not in writing, so that upon the authority of that case the plaintiff herein would be denied a right of action upon the parol agreement stated in his petition.

*Yost v. Devault*, 9 Iowa, 60, is also cited in support of the right of the plaintiff to recover damages. The case does not hold that damages may be recovered in cases of this kind.

There is a dictum of the learned judge who wrote the opinion that the conclusion that the contract could not be enforced "leaves the plaintiff to his damages against the defendant," but the court declined to retain the bill to inquire into and assess them.

Under the statute and the prior decisions of this court, we see no legal basis for the plaintiff's action, if the facts stated in the answer are true, and the demurrer admits them. The judgment must be

REVERSED.