**NEINAST v. HILL.**

No. 11920.

Court of Civil Appeals of Texas. Galveston.

Oct. 30, 1947.

Rehearing Denied Dec. 11, 1947.

T. W. Grobe, of Houston, for appellant.

Strong, Baker & Compton, of Houston (John L. Compton, of Houston, of counsel), for appellee.

CODY, Justice.

This was an action for possession of a Chevrolet automobile of the value of $850, instituted in the County Court-at-Law,

Harris County, by appellant, W. W. Neinast, against appellee, Walther. L. Hill.

By his answer Hill admitted that the legal title to the automobile stood in the name of appellant, but alleged that he, Hill, was the true owner. In that connection, he alleged that he was married to Elaine Neinast Hill, a daughter of the appellant. He further alleged that the automobile was purchased in the first instance by his wife, but title to the automobile was taken in the name of Mabel Neinast. The said Mabel Neinast is a sister of Hill's wife, being another daughter of appellant. Appellee alleged that the title was so taken in the name of Mabel Neinast in trust to hold said automobile for him, appellee. Appellee further alleged that thereafter appellant and Mabel Neinast and appellee's wife devised a scheme and conspiracy to defraud appellee of the title and possession of the automobile; that they "affected" a purported sale of the automobile to Vickers Motor Company in violation of the trust by which the legal title was held by Mabel Neinast for appellee, and that thereafter appellant "affected" a fictitious purchase of the automobile from said Vickers Motor Company, whereby the title thereto was placed in the name of the appellant; but that the possession of the automobile was delivered to Mabel Neinast and by her held in Harris County, and was never taken possession of by appellant, who lives in Washington County, and that said automobile remained in the possession of Mabel Neinast in Harris County until appellee took possession thereof, which he still holds.

In the alternative appellee alleged that an implied trust to hold the automobile for appellee resulted from the acts of the parties. He further alleged in the alternative that a constructive trust should be impressed upon said automobile by reason of the acts of the parties. Appellee further alleged that all of the facts were known to appellant prior to the purported purchase by appellant, or should have been known to him in the exercise of ordinary care, etc., inclusive of the fictitious sale of the automobile to Vickers Motor Company. In addition to urging said facts by way of answer, appellee also urged them by way of cross-action against appellant and Mabel Neinast to recover the legal title and possession of the automobile.

By supplemental petition, answering appellee's cross-action, appellant plead specially that appellee and his wife had not lived together since July 10, 1945, and that appellee had not supported his wife since said date. That it was necessary for Mrs. Hill to sell the automobile, which was community property, to pay debts and to pay for necessities, and that said automobile was lawfully sold by Mrs. Hill. Appellant further alleged that he was an innocent purchaser for value when he purchased same from Vickers Motor Company.

At the conclusion of all the evidence, appellant moved for an instructed verdict, setting out in his said motion his grounds therefor. The Court refused said motion and submitted the case to the jury upon 4 special issues, which special issues and the answers thereto are set forth infra. Upon the jury's answer to the special issues the Court rendered judgment for appellee for the title and possession of the automobile.

Appellant has predicated his appeal upon 4 points:

First Point: The Court erred in refusing to set aside the verdict of the jury, since it appeared that the verdict of the jury was contrary to the evidence.

Second Point: The error of the Court in overruling the motion of W. W. Neinast for an instructed verdict.

Third Point: The Court erred in refusing to set aside the answer of the jury to Special Issue Number Three, since it appeared that the answer of the jury to that issue was contrary to the evidence.

Fourth Point: The Court erred in refusing to set aside the answer of the jury to Special Issue Number Four, since it appeared that the answer of the jury to that issue was contrary to the evidence.

Since all of appellant's points are addressed either to the contention that the Court erred in refusing appellant's motion for directed verdict or to the answers of the jury to the special issues, the special issues, as answered, thereon, are set forth at this point in full:

"Special Issue No. 1. Do you find from a preponderance of the evidence that at the time of the sale from Mabel Neinast to Vickers Motor Company, that Walter L. Hill had abandoned Elaine Hill as his wife?" To which the jury answered: "We do not."

"Special Issue No. 2. Do you find from a preponderance of the evidence that the sale of the car was made in order that Elaine Hill could pay her debts and support herself?" To which the jury answered: "We do not."

"Special Issue No. 3. Do you find from a preponderance of the evidence that at the time of the purchase of the car by Vickers Motor Company from Mable Neinast, the said Vickers Motor Company paid to the said Mable Neinast a valuable consideration for said car?" To which the jury answered: "We do not."

"Special Issue No. 4. Do you find from a preponderance of the evidence that at the time of the purchase of the car by Vickers Motor Company from Mabel Neinast, the said Vickers Motor Company had any knowledge of the claim of Walter L. Hill to said car?" To which the jury answered: "We do."

We overrule appellant's first point. Said point carries forward the first assignment of error, being the first ground of appellant's motion for new trial, reading "Because the verdict of the jury is contrary to the evidence." The point is too general. See Rule 418(b) Texas Rules of Civil Procedure.

We overrule appellant's second point. The evidence must be considered in the light most favorable to the plaintiff as against a demurrer thereto. As so considered, there was evidence to the effect: That on July 3, 1945, appellee's wife declined to live with him, and for that reason they separated; but that he did not abandon her. That at the time of such separation Mrs. Hill was working for a bank in Houston. That thereafter, on September 5, 1945, she bought the car in question, but took the title thereto in the name of her sister, Mabel Neinast, who was another daughter of appellant. That the car was paid for with community funds belonging to appellee and Mrs. Hill, said funds being made of allotment checks from the government (appellee was overseas in the military service for 25 months) and of other money sent her by appellee; and that her sister, Mabel Neinast, spent $200 for tires, seat covers, and an over-haul of the automobile. She further testified she sold the automobile to Mr. Vickers of the Vickers Motor Company of Houston, for $852. About two weeks later, Mrs. Hill and Miss Neinast asked Mr. Vickers to sell the automobile back to them. Mr. Vickers testified that he was willing to do this, because Mrs. Hill was working in the bank, and everyone in the bank had extended him favors. He asked them in whose name they wanted the papers on the car made out, and they told him appellant's. The sale price was the same as that which Mr. Vickers had paid when he got the car from Mrs. Hill. When he transferred the title to appellant's name, he was given a check signed by appellant. But he had no direct contract with appellant, and never saw him until the trial. The check was passed through the bank, and was introduced in evidence, and it was marked "paid". Mr. Vickers testified that he did not know that appellee claimed any interest in the automobile. Appellee's testimony was that he took the car because "That was the only thing left out of all that I sent her that I could get my hands on." During the time he was overseas, he sent Mrs. Hill $3,700.

There was no direct evidence of fraud in all this. "It [fraud] is not, in its nature, discernible by direct evidence of the senses, and is usually so covert and concealed, or is attended with such attempts at concealment, as to be incapable of proof otherwise than by circumstantial or presumptive evidence. Its existence, in a given case, may be proved either by intrinsic evidence of unfairness in the transaction itself or by evidence of facts and circumstances attending it, which, by the ordinary tests by which we judge of the motives to action, appear inconsistent with an honest purpose." 20 Tex.Jur., P. 159.

From the circumstances thus proved we cannot say that a case was not made out from which the jury could not legitimately

infer that there was a purpose to conceal from appellee his interest in the automobile. At the time Mrs. Hill purchased same with community funds, and took the title in her sister's name, she had already resolved not to live with appellant again, and to get a divorce. R.C.S. art. 4638 directs the court pronouncing a decree of divorce also to decree a division of the estate of the parties. The jury might legitimately infer that the procedure adopted by Mrs. Hill was to place the automobile in the name of another so that no accounting therefor would be required. Without pursuing the subject further, we hold that the court did not err in refusing to direct a verdict for appellant at the conclusion of all the evidence.

Passing over appellant's point 3, for the moment, we take up his point 4, to the effect that the court erred in not setting aside the jury's answer to special issue No. 4. We construe said point, in connection with the motion for new trial, to present the contention that the court erred in refusing to grant a new trial because the answer of the jury to said special issue was against the great preponderance of the evidence.

■■ We think it was a legitimate conclusion of the jury that the Vickers Motor Company either had actual knowledge, or what in law is tantamount thereto, that appellee had an interest in the car. The Company, it was proved by direct evidence, knew of Mrs. Hill's ownership of the car, and that title stood in the name of her sister. It was a legal presumption, binding on all persons dealing with a married person, that property acquired during marriage may be, and pesumably is, community property. We overrule appellant's point 4.

Appellant's point 3 complains of the court's refusal to set aside the jury's answer to special issue No. 3, as being contrary to the evidence. This point, taken in connection with the motion for new trial,

we construe as presenting the contention that the answer in question is against the preponderance of the evidence, requiring a new trial.

■■ The form of the special issue has presented a difficulty. It inquires whether "at the time of the purchase of the car", etc., the Motor Company paid a valuable consideration therefor. Ordinarily a special issue so framed as to assume a fact, and which is not objected on that account, is binding on the parties that the fact assumed to be true is true. But in this instance we must assume that the issue meant, and was intended by all parties to mean "at the time of the purported sale." This is true because with reference thereto the question is asked whether a valuable consideration was paid therefor. And a consideration is an essential element of a sale.

It was undisputed that the check of the Motor Company for approximately $850 was given to Miss Neinast at the time of the "sale", and that the check was passed through the bank for collection, and marked "paid". It was appellee's contention that the check was a pretended consideration, representing money which was the community property of appellee and his wife. We have concluded that, under the circumstances, the jury must have so understood the inquiry. It may be the parties would care to discuss this matter more fully on the motion for rehearing than they have heretofore done. We overrule point 3.

The judgment must be affirmed, and it is so ordered.

### On Motion for Rehearing.

Though we overruled appellant's first point in our original opinion as being too general in that it complained of the verdict as being "contrary to the evidence", by passing on and overruling his other points we necessarily found that the verdict was not "contrary to the evidence." We overrule appellant's motion for rehearing.