**E. S. PAUL et al., Appellants,**

v.

**Leonard L. JOHNSON, Appellee.**

**No. 13259.**

Court of Civil Appeals of Texas.

Houston.

May 29, 1958.

Rehearing Denied June 19, 1958.

George Red, Pat N. Fahey, Houston, for appellants.

Banister & Youngblood, T. W. Youngblood, Jr., Houston, for appellee.

## WOODRUFF, Justice.

This is an appeal from a judgment of the County Court at Law of Harris County wherein E. S. Paul and E. R. Paul, as plaintiffs and cross-defendants, were denied a recovery against the defendant and cross-plaintiff, Leonard L. Johnson, for damages to their 1955 Ford sedan, and the cross-plaintiff, Leonard L. Johnson, was awarded judgment on his cross-action for $584.11 for damages to his 1953 Lincoln 2-door sedan when their automobiles collided at the intersection of Maple and Randall Streets in Pasadena, Texas, shortly after noon on April 14, 1957. The trial was before the court without a jury. The parties will be referred to as they were in the trial court.

Plaintiffs' Ford automobile, immediately before the collision, was being driven by E. R. Paul in an easterly direction on Maple Street and toward its intersection with Randall Street, which runs north and south, and the defendant and cross-plaintiff Johnson was driving his automobile north on Randall Street just south of its intersection with Maple. There were no traffic control signals facing either driver. Maple Street is 33 feet wide and Randall's width is 36 feet. On the southwest corner of the intersection and about 8 feet from Randall Street there was located a house with a garage which faced Randall Street. Shrubbery about 3 to 4 feet high was located near the garage, and the testimony showed that Maple Street was lower than the lot.

The collision occurred in the northwest quadrant of the intersection. The cross-plaintiff's vehicle came to rest at the point of impact while the plaintiffs' and cross-defendants' car proceeded north, going over the curbing, turned around and stopped, facing southeast.

Pursuant to a request, the trial court filed Findings of Fact and Conclusions of Law, in which it was found that just before the collision the plaintiff and cross-defendant, E. R. Paul, as he proceeded east on Maple Street, was traveling at a speed of 30 miles per hour, and the defendant and cross-plaintiff Johnson, as he drove north on Randall Street, was driving at a speed of 15 miles per hour. The court also found that as the automobiles entered the intersection the defendant and cross-plaintiff Johnson was on the right of plaintiff and cross-defendant Paul; that the defendant and cross-plaintiff Johnson entered the intersection first, or approximately at the same time as the plaintiff and cross-defendant Paul entered it; that E. R. Paul made no effort to stop or decrease his speed; that the defendant and cross-plaintiff's automobile was damaged as the result of the collision in the amount of $584.11. In the Conclusions of Law the court found that the cross-defendant E. R. Paul was negligent in failing to yield the right of way to cross-plaintiff's vehicle, under Article 6701d, Sec. 71(b), Vernon's Ann.Tex.St.; that the cross-defendant Paul was negligent in failing to slow his vehicle

immediately before the collision by a timely application of his brakes; in failing to keep a proper lookout, and in failing to swerve his vehicle to the right in an attempt to miss the defendant and cross-plaintiff's car. There was no finding of contributory negligence on the part of the defendant and cross-plaintiff, Leonard Johnson.

Of the seven Points of Error urged by appellants, Points 1, 2, 4 and 5 complain of the action of the trial court in admitting in evidence, over the plaintiffs' and cross-defendants' objection, cross-plaintiff's Exhibit No. 1 because the repair items reflected thereon were not the proper measure of damages; that the repair order was not properly proven; and in permitting the witness Hall to refer to the exhibit in his testimony, because it was not written by the witness; and in finding that cross-plaintiff's automobile was damaged in the amount of $584.11, because such finding was not supported by the evidence.

The witness Charles A. Hall, employed by Greater Houston Motors, in whose shop cross-plaintiff's Lincoln was repaired, testified that he was its body-shop foreman and that he had been a body-shop estimator for 12 years with various concerns, including Higginbotham Buick Company and All American, in addition to Greater Houston Motors. All of his experience, so he said, had been in Houston. He recalled making an estimate for the cross-plaintiff, Leonard L. Johnson, of the cost of the repairs to the Lincoln sedan after the collision, and he brought to the stand the repair order which purported to show the repairs that were made on the cross-plaintiff's Lincoln automobile by Greater Houston Motors. He also testified that the record was the type normally kept in the course of his company's business and although it was not in his handwriting it pertained to the parts and work done on cross-plaintiff's 1953 Lincoln on April 16, 1957, and "that this particular piece of paper" showed the repairs which were made to appellee's vehicle. Mr. Hall then said he recalled Mr. Johnson's car; that it was a 1953 2-door hard-top Lincoln

and that the front, front fender, grill and radiator were damaged. He said the repairs were actually made in their shop, and, after stating that the car was put in the same condition as it was in before the accident, testified that the record identified as "Cross-Plaintiff's Exhibit No. 1" showed that the cost of such repairs was $584.99 and that in his opinion they were reasonable and necessary as the result of the collision.

On cross-examination the cross-defendants developed that the witness, in preparing the order, got the price on the parts from the parts department, and without referring to the record could not relate every item of repair made to the cross-plaintiff's automobile. Cross-defendants then moved to strike the exhibit, but were overruled. However, Mr. Hall also stated on further cross-examination that he remembered Mr. Johnson's car and while he might not have a specific recollection of every item of damage done, he could "call off most of them" and, in a general way, he could remember the price of each part. It is clear from his testimony that by referring to the exhibit the witness's recollection was sufficiently refreshed to enable him to testify from his personal knowledge to the repairs made on the automobile.

We are of the opinion that the trial court did not err in admitting cross-plaintiff's Exhibit No. 1 in evidence to show the repairs that were made upon cross-plaintiff's automobile to restore it to its condition immediately before the collision and the prices charged therefor. While it may be said that the general rule by which damages to personal property are to be established is the difference between its market value immediately before and immediately after the injury, it is not the exclusive rule. Where personal property which has been injured may be restored to its original condition, one measure of damages is the reasonable cost of replacement and repairs at the place or in the vicinity where the damages were occasioned, together with the value of its use during the time required to

restore it. Schmoker v. French, Tex.Civ. App., 7 S.W.2d 177, no writ history; White v. Beaumont Implement Company, Tex.Civ. App., 21 S.W.2d 559; 13 Tex.Jur., pages 158, 159; Hodges v. Alford, Tex.Civ.App., 194 S.W.2d 293. In fact, the law appears to be settled that upon the introduction of evidence showing the reasonable cost of such replacements and repairs to restore the damaged property to its condition immediately before the damage was done, the owner makes out a prima facie case for recovery. The burden then shifts to the party who damaged it to show that the repairs as made resulted in an enhanced value. Pasadena State Bank v. Isaac, 149 Tex. 47, 228 S.W.2d 127; Dallas Railway & Terminal Co. v. Hendrix, Tex.Civ.App., 261 S.W.2d 610. Appellants' Point 1 is overruled.

■ Nor do we believe that the trial court erred in admitting cross-plaintiff's Exhibit No. 1 because it was not properly proved up. The testimony showed that the exhibit was the repair order coming from the files of Greater Houston Motors, which was kept in the normal course of that business, and, after being so identified, in our opinion, it was admissible in evidence to show what repairs were made on the car and the prices which were charged therefor, under Article 3737e, V.A.T.S. See also McCormick and Ray, Texas Law of Evidence, Sec. 1251, p. 107. Appellants' Point 2 is, therefore, overruled.

■ Moreover, we find no error in the ruling which permitted the witness to refresh his recollection of the nature of the repairs made on the automobile from cross-plaintiff's Exhibit No. 1, although it was not wholly written in his own handwriting. This is largely within the discretion of the trial court. McCormick and Ray, Texas Law of Evidence, Sections 548, 549 and 550; McMahan v. Musgrave, Tex.Civ.App., 229 S.W.2d 894, error dism.; Freeland v. Peltier, Tex.Civ.App., 44 S.W.2d 404. Neither was there any error in permitting cross-plaintiff to show the exhibit to the witness for the purpose of having him tes-

tify that the prices charged for the repairs listed thereon were reasonable and the repairs necessary to restore the Lincoln sedan to its condition before the collision, it being evident, if not conceded, that the witness Hall was amply qualified to testify as an expert regarding these matters. Appellants' Points 4 and 5 are, therefore, overruled.

■ The cross-defendants, by Point 3, contend that there was no evidence that the cost of the repairs to the cross-plaintiff's car was the reasonable cost in Pasadena, Texas, where the collision occurred. As heretofore discussed, it was proven that the repairs to cross-plaintiff's automobile were made by Greater Houston Motors, shown to be located at 3535 South Main, Houston, Texas. This Court will take judicial knowledge that the cities of Houston and Pasadena are adjoining municipalities in Harris County, Texas. McCormick and Ray, Texas Law of Evidence, Section 193, p. 221; Smith v. Conner, Tex.Civ.App., 211 S.W.2d 630. We likewise hold that proof of the reasonable cost of repairs made to an automobile in Houston, Texas, is sufficient evidence of the reasonable cost of the same in Pasadena, Harris County, Texas. Ellis v. Heidrick, Tex.Civ.App., 154 S.W.2d 293, error refused.

Plaintiffs and cross-defendants further argue that the cross-plaintiff's proof of the reasonable cost of such repairs and replacements on his automobile was wholly insufficient to support any judgment in his behalf because it was not shown by his proof where such charges therefor were reasonable and customary. In support of this contention they cite Anderson v. Reichart, Tex.Civ. App., 116 S.W.2d 772, writ dism. That was a suit to recover damages to an automobile which was involved in a collision in Wichita Falls, Texas. An automobile dealer who had seen the car shortly after the collision gave his opinion of its respective market values immediately before and immediately after the event, without stating, however, that such values were the reasonable market values in Wichita Falls. The testimony, so

it was held, was incompetent to support the findings of the jury on the special issues determining the respective market values in Wichita Falls on the automobile before and after the accident.

█ However, in the instant case we believe that the testimony of the witness Hall clearly shows that he was qualified to testify only by reason of his twelve years' experience in repairing automobiles in Houston. Consequently, when he testified that the prices charged by Greater Houston Motors for repairing the automobile were the reasonable and customary charges therefor, his testimony was necessarily restricted to the reasonable and customary charges for such items in Houston because he was familiar with such charges only in Houston. This is the only construction which can possibly be placed upon his testimony.

Appellants' Point 3, therefore, is overruled.

Appellants' remaining Points of Error read as follows:

"*Point Six.* The Court erred in failing to render judgment for plaintiffs in their cause of action.

"*Point Seven.* The Court erred in failing to render judgment against cross-plaintiff on his Cross-action."

█ These points are too general to direct our attention to any particular ruling or action of the trial court, and consequently they fail to present any question for our decision. Rules 374 and 418, Texas Rules of Civil Procedure; Novita Oil Company v. Smith, Tex.Civ.App., 247 S.W. 2d 151; Neinast v. Hill, Tex.Civ.App., 206 S.W.2d 625; A A A Air Conditioning & Mfg. Corp. of Tex. v. Barr, TexCiv.App., 186 S.W.2d 825, 826, writ ref. In fact, they are so general that they encompass any and every error which may have been committed by the trial court and, consequently pointing out nothing, their consideration is

not required. McWilliams v. Muse, Tex. Sup.Ct., 300 S.W.2d 643, 646.

However, we shall undertake to determine the merits of Points 6 and 7 by looking to the statements and arguments thereunder. Saldana v. Garcia, Tex.Civ.App., 275 S.W.2d 563, affirmed 155 Tex. 242, 285 S.W. 2d 197; Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478; Wyche v. Noah, Tex. Civ.App., 288 S.W.2d 866, writ ref., n.r.e.

As we understand the contentions advanced in these statements and arguments, appellants assert that the trial court's Findings of Fact are not supported by the evidence and that the court erred in not finding that the defendant and cross-plaintiff Johnson failed to keep a proper lookout, and that such failure was negligence and a proximate cause of the collision.

The appellants Paul further contend that E. R. Paul, under the undisputed proof, entered the intersection of Maple and Randall Streets before the cross-plaintiff Johnson entered it and therefore the Finding of Fact that cross-plaintiff entered it first, or approximately at the same time as E. R. Paul, is without support in the evidence.

A consideration of these contentions requires a discussion of the testimony.

E. R. Paul and cross-plaintiff Johnson both testified that at the time of the collision persons traveling either north on Randall or east on Maple immediately before entering the intersection had their view obstructed of automobiles approaching the intersection on the other street by a house, a garage and some shrubbery, all of which were located on the lot at the southwest corner of the intersection. The proof also showed that the streets were both lower than the lot; that Maple Street is 33 feet wide and Randall is 36 feet in width; and that there were no traffic control signals or signs facing either street.

The cross-defendant E. R. Paul testified that as he drove east on Maple approaching the intersection he slowed down, looked both ways and, seeing no cars, proceeded

into it. After he had gone "ahead" he saw an automobile approaching on his right. He "swerved" his automobile "a little" and immediately thereafter his Ford 2-door sedan was struck on its right-hand side by the Lincoln sedan which was being driven by cross-plaintiff Johnson. Cross-defendant Paul testified, "I would say I was in the intersection first." He stated that he was already in the intersection before he saw the other car, which was about 20 to 25 feet away at that time, and that he was driving about the center of Maple Street. On cross-examination he said that the bushes to his right on Maple Street as he approached the intersection blocked his view. He slowed down, so he said, for the intersection of Randall Street, but did not see Johnson's car until "just before the impact" when he looked over his right shoulder and instinctively he turned his wheel. However, he said, he did not apply his brakes until about the time the cars collided. After the impact his car went over the curb, turned around and stopped, the front facing southeast. He also stated that at the time of the impact he was on the wrong side of the street and that it was necessary to replace the door on the right-hand side of the Ford 2-door sedan after the collision.

Leonard Johnson, who was driving north on Randall Street, testified that the automobiles collided in the intersection of Maple and Randall, the point of impact being about where cross-plaintiff had placed it in the northwest quadrant of the intersection. His car stopped at about that point; the front end thereof in general being damaged. He testified that as he approached the intersection he slowed down to about 15 to 18 miles per hour and "right after" he got into the intersection he saw cross-defendants' car "coming down Maple, going east." At that time cross-defendant Paul was on "the wrong side of the street," going about 25 miles per hour, and was just coming into the intersection when he first saw him. Cross-plaintiff Johnson said he applied his brakes and stopped. When asked why he had not previously seen Mr.

Paul, cross-plaintiff said he didn't know; that there was a hedge there and that the lot was high. He also stated that Mr. Paul "swerved" to get in front of him and that is why he, cross-plaintiff, "hit his brakes." He also stated that he had driven some 5 or 6 feet into the intersection, which was in the southwest quarter thereof, when he first saw the Paul automobile. It was not in the curb lane of Maple Street but was "generally in the northwest quarter section of the intersection." He further testified that his car struck the cross-defendants' automobile on the right-hand side about at the door, or just slightly forward of the door, and that Mr. Paul's speed immediately before the collision was 25 or 30 miles per hour. On cross-examination Mr. Johnson testified that if Mr. Paul "had not been going as quick as he was," he would have seen him. He also stated that the skidmarks behind Mr. Paul's car were about 20 feet long, starting from the central part of the street to where they stopped.

Cross-defendant Paul, upon being recalled to the stand, testified that about the first time he saw Mr. Johnson's car he looked over his right shoulder and "it seemed like he was looking down," which was just before the collision. The cross-defendant Paul admitted that he did not "hit his brakes" but "just kept going." He also stated that if he had applied his brakes it would not have avoided the collision because he, Paul, "was on the wrong side." He also said that it was true that he kept his foot on the accelerator and "didn't slow down a bit" until he made his "swerve."

■ Under the general rule applicable in this State, when a case is tried to the court without a jury, the Findings of Fact are equivalent to a jury verdict and such Findings will support a judgment if there is any evidence of probative value to support them. Lindley v. Lindley, Tex.Civ. App., 201 S.W.2d 108, n.r.e.; Kennedy v. General Geophysical Co., Tex.Civ.App., 213 S.W.2d 707, n.r.e.

 The applicable rule is stated in McDonald's Texas Civil Practice (1950), Vol. 4, p. 1290, as follows:

"Findings of fact have the same force and dignity as does a jury verdict upon special issues, and when supported by some competent evidence will not be disturbed on appeal, even though they appear to be against the preponderance of the evidence, unless they are so against the overwhelming weight of the evidence as clearly and manifestly to be wrong."

 We are of the opinion that the testimony set forth above amply supports the trial court's Findings of Fact and, therefore, overrule appellants' contentions. Nor do we find any merit in the contention that the trial court erred in not finding that the defendant and cross-plaintiff Johnson failed to keep a proper lookout.

In the argument advanced under Points 6 and 7 attacking the trial court's Findings of Fact, the cross-defendants also contend that the cause should be reversed because the trial court made no Finding that any act or omission on the part of cross-defendant Paul was a proximate cause of the collision. In support of their position, cross-defendants cite Dedear v. James, Tex.Civ.App., 184 S.W.2d 319. An examination of that case reveals that the trial was to a jury and the proximate cause issues which were essential to the plaintiffs' recovery were not answered by the jury because the jury had failed to find that the defendant's employee was guilty of any negligence and the proximate cause issues, having been predicated upon an affirmative finding to the negligence issue, remained, therefore, unanswered. That case has no application here.

 It is true that the trial court failed to make an express Finding of Fact that the cross-defendant's failure to yield the right of way, or his negligence in failing to keep a proper lookout, or his negligence in failing to make a timely application of his brakes, or his negligence in failing to swerve his car to the right, each of which were expressly found by the trial court, was the proximate cause of the collision. However, the plaintiffs and cross-defendants failed to request supplemental and additional Findings on the issue of proximate cause, and in the absence of such request the law is well settled where the issues were raised by the pleadings, or were tried by express or implied consent outside the pleadings, and by evidence, and one or more elements of the theory have been determined by the Findings of Fact, it is conclusively presumed that the omitted element or elements were found in such a way as to support the judgment. Rule 299, T.R.C.P.; McDonald's Texas Civil Practice, Vol. 4, p. 1300. We, therefore, find no merit in this contention, and appellants' Points 6 and 7 are, therefore, overruled.

The judgment of the trial court is affirmed.