Lawrence A. MURPHY, Appellant,

v.

Roger D. MARONEY, Appellee.

No. 4898.

Court of Civil Appeals of Texas, Waco.

July 2, 1970.

Rehearing Denied July 23, 1970.

Kenneth Vaughan, Garland, for appellant.

Akin, Vial, Hamilton, Koch & Tubb, Mike Schmidt, Dallas, for appellee.

OPINION

WILSON, Justice.

Plaintiff-appellant was injured in an automobile collision on a private parking lot. He lost his suit for resulting damages on a jury verdict in which it was found his negligence in failing to turn sufficiently to the right was a proximate cause of the collision.

Appellant urges that these findings are contrary to the overwhelming preponderance of the evidence, the evidence is insufficient, or there is no evidence to support them. The assignments in the prerequisite motion for new trial are that "the verdict is contrary to the evidence", and "there is insufficient evidence" or "no evidence" to support the verdict of the jury and the judgment. The assignments are too general to be considered. Rules 320–322, Texas Rules of Civil Procedure; McWilliams v. Muse, 157 Tex. 109, 300 S.W.2d 643, 646; Pleasant Grove Builders, Inc. v. Phillips, (Dallas Tex.Civ.App.1962) 355 S.W.2d 818, 820, writ ref. n. r. e. and cases cited, syl. 1. There is a point that the court erred in overruling appellant's motion to disregard two findings concerning his failure to turn to the right sufficiently, and to render judgment non obstante veredicto. There is no showing the motion was presented to or acted on by the trial court, and the record, therefore, preserves nothing for review.

We conclude there is evidence of probative force to sustain the findings, in any event. Appellant's testimony is to the effect that when he first saw appellee's car it was traveling along the perimeter of the parking lot when he "noticed that Mr. Maroney's car started to come at" him, "turning in towards me", while the cars were slowly traveling forty feet apart. He was asked, "What did you do after you saw him"; and replied that he put his foot on his brake and slowed down. He did not answer that he turned his car. He testified he stopped. The front of appellee's car hit appellant's head-on: "It seemed like almost directly on to me," or a "little to the left where it collapsed on the driver's side."

The evidence supports the inference that appellant failed to turn his car to the right, or sufficiently to the right, and the findings that this failure was negligence proximately causing the collision.

Affirmed.