**R. A. COX, Appellant,**

v.

**Donald C. MESSER et al., Appellees.**

**No. 557.**

Court of Civil Appeals of Texas, Tyler.

July 15, 1971.

Morris Dorbandt, Tyler, for appellant.

Wilson, Miller & Spivey, Tyler, for appelleees, Lefler, Walker, & Lefler, Lindsey Walker, Beaumont, of counsel.

DUNAGAN, Chief Justice.

This suit was filed on August 15, 1969, by R. A. Cox against the appellees, except as to John E. Prothro, who is an intervenor. The suit is based upon a contract dated June 1, 1953, signed S. M. Messer by Morris Dorbandt, agent, pursuant to authority granted by another contract dated November 18, 1952, between Sam M. Messer, owner, and Morris Dorbandt, agent, which authorized said Dorbandt to sell 38.2 acres of land owned by Sam M. Messer and wife, Ollie Messer. S. M. Messer and Sam M. Messer is one and the same person.

The 1953 contract executed by Dorbandt as S. M. Messer's agent purported to convey the land in question to J. A. Cook,

trustee, pursuant to the contract between Messer and Dorbandt dated November 18, 1952.

Appellees, except Prothro, filed their original answer containing a general denial and pleas of limitation. Thereafter, said appellees filed a cross-action asking that the contract between Messer and Cook be canceled and held for naught as a cloud upon the title of appellees, alleging in substance the accrual of limitation four years from and after the 8th day of May, 1953, and that the property, the subject of the suit, was the homestead of appellee, Ollie Messer.

Said appellees then filed their motion for summary judgment cast upon said pleadings and upon an affidavit by Edward C. Carrington, an attorney, with attached copies of letters from said Edward C. Carrington to Morris Dorbandt dated May 8 and July 16, 1953, which reflected a repudiation of the Cook contract.

Thereafter, appellee, John E. Prothro, filed an intervention adopting all pleadings filed by the other appellees including the cross-action and motion for summary judgment.

Appellant duly filed his answer to motion for summary judgment attaching thereto an affidavit which reflected that the Messer-Dorbandt contract of November 18, 1952, had been renewed and extended for a period of 60 days from and after May 18, 1970, and that in pursuance thereof the Cook contract had been executed. Thereafter, on hearing, judgment was entered in favor of appellees, including the intervenor, Prothro, canceling the Cook contract sued upon as a cloud upon title. Judgment is affirmed for the reasons hereinafter stated.

 Appellant's brief contains a statement of the nature of the case and a short argument. He cites Allison v. Shilling, 27 Tex. 450 (1864), for the proposition that the contract of a husband to convey the homestead of the wife can be enforced when the property ceases to be a homestead. The appellant, however, does not state a single point of error. Where the brief of an appellant does not embrace any points of error, and no fundamental error appears, appellant's brief presents nothing for us to review and his appeal is not entitled to consideration. Rule 418, Texas Rules of Civil Procedure; Burris v. Kurtz, 462 S.W.2d 347 (Tex.Civ.App., Corpus Christi, 1970, writ ref., n. r. e.); Armstrong v. Jacobs, 439 S.W.2d 848 (Tex. Civ.App., Dallas, 1969, n. w. h.); Bickler v. Bickler, 403 S.W.2d 354 (Tex., 1966). No fundamental error appears from a reading of the record. A point of error is an indispensable part of a brief on appeal. Johnson-Sampson Construction Company v. W & W Waterproofing Company, 274 S. W.2d 926 (Tex.Civ.App., Amarillo, 1953, writ ref., n. r. e.).

Appellees contend that (1) appellant's cause of action was barred by limitation, and (2) the contract sued upon by appellant is unenforceable because it is a contract to convey the homestead of appellee, Ollie Messer.

In a summary judgment proceeding the movant has the burden of producing summary judgment proof which establishes as a matter of law that there is no genuine issue of fact as to any essential element of its cause of action. Gibbs v. General Motors Corporation, 450 S.W.2d 827, 828 (Tex., 1970).

Allison v. Shilling, supra, was determined by the Supreme Court in 1864. At such time there did not exist a specific statute barring the enforcement of actions in specific performance. Taylor v. Campbell, 59 Tex. 315. Article 3209 which provided for a ten-year period of limitation was adopted thereafter. This particular statute has been brought forward and now appears as Article 5531, Vernon's Ann. Civ.St., which reads as follows:

"Any action for the specific performance of a contract for the conveyance of

real estate shall be commenced within four years next after the cause of action shall have accrued, and not thereafter."

A reading of the pleadings, affidavits and admissions contained in the record before us reveals it is undisputed that the letter from Carrington dated July 16, 1953, repudiated the Cook contract.

█ Under the above last cited statute, limitation upon an action to enforce the Cook contract would have run at the latest date on July 16, 1957. The instant suit was filed on August 15, 1969, and is thus barred by said statute. Campbell v. McFadden, 9 Tex.Civ.App. 379, 31 S.W. 436 (1895, writ ref.); Goff v. Jones, 70 Tex. 572, 8 S.W. 525, 527.

As to the accrual of the cause of action as used in Article 5531, V.T.C.S., it is stated in 52 Tex.Jur.2d 624, sec. 79:

"When a contract is repudiated by one of the parties, a cause of action arises against him, and the statute starts to run."

█ The contract sued upon by appellant being a contract to convey the homestead of appellee, Ollie Messer, is unenforceable.

The appellant by his first amended original petition and the affidavit of his attorney acknowledges the homestead right or claim of Ollie Messer by the following pleading and statement:

"* * * although up to August 13, 1969, Plaintiff recognized and did not attempt to in any way interfere with the continued and consistent claim of the continuance of her homestead rights in said real estate. * * *"

Mrs. Ollie Messer, in response to request for admissions by appellant, established that the land in controversy was claimed by Sam M. Messer and Mrs. Ollie Messer as their homestead as of June 1, 1953, the date of the Cook contract.

█ Also in response to appellant's request for admissions, it was established by Mrs. Messer's answer thereto that she refused to release and relinquish her homestead rights. It seems to be the well established law of this jurisdiction that an executory contract for the sale of the homestead will not be specifically enforced so long as the homestead exists. 52 Tex.Jur. 2d 636, sec. 91. The undisputed evidence before this court reflects that the subject property was the homestead of Sam M. Messer and his wife, Ollie Messer. The death of Sam M. Messer, leaving surviving a widow and children, did not terminate the homestead character of the subject property. 28 Tex.Jur.2d 379, sec. 9; Sakowitz Bros. v. McCord, 162 S.W.2d 437 (Tex.Civ.App., Galveston, 1942, n. w. h.).

The record shows that Mrs. Ollie Messer, surviving wife of Sam M. Messer, continues to maintain and claim and has so claimed that the subject property was, is and always has been her homestead. Notice of this claim was brought home to appellant by letter of Edward C. Carrington, attorney, dated May 8, 1953, and reaffirmed with specific reference to the Cook contract by the letter which was dated July 16, 1953.

Accepting as true all evidence which tends to support appellant's position and giving him the benefit of every reasonable inference which properly can be drawn therefrom, which we must do in a summary judgment proceeding, we hold that appellees have established, as a matter of law, that there is no genuine issue of fact as to any essential element of appellant's cause of action.

Judgment affirmed.