**S. C. SLAYTON, Appellant,**

v.

**Eugene WHITE et al., Appellees.**

**No. 657.**

Court of Civil Appeals of Texas, Tyler.

Oct. 26, 1972.

Rehearing Denied Nov. 30, 1972.

Holt & Tatum, Paul Tatum, Nacogdoches, for appellant.

S. M. Adams, Jr., Nacogdoches, for appellees.

DUNAGAN, Chief Justice.

This is a case brought in the District Court of Nacogdoches County, Texas, by S. C. Slayton as plaintiff seeking to remove a cloud from title or quiet title on four certain tracts of land in Nacogdoches County, Texas, or in the alternative if it be found that he is not the sole owner of said tracts of land, that same be partitioned between him and certain of the defendants if they are shown to be co-owners.

The case was submitted to a jury on 21 special issues, 15 of which were answered and the others were submitted conditionally. The trial court rendered judgment based upon the jury verdict. From this judgment appellant perfected his appeal to this court.

At the outset we are met with the question of whether we can consider appellant's appeal.

■ Appellant in his first amended original motion for new trial sets out three grounds in support of said motion. The first two are: (1) that the evidence is insufficient to support a verdict for the defendant in this case; (2) there is no evidence to support a verdict for the defendant in this case.

It has been repeatedly held in this state that such assignments of error in a motion for a new trial are too general to be considered. Murphy v. Maroney, 456 S.W.2d 787 (Tex.Civ.App., Waco, 1970, writ ref., n. r. e.); Gavrel v. Young, 407 S.W.2d 518 (Tex.Civ.App., Houston, 1966, writ ref., n. r. e.); Phillips v. Gallez, 329 S.W.2d 922 (Tex.Civ.App., Waco, 1959, n. w. h.); Tindall v. Tacconelly, 328 S.W.2d 909 (Tex. Civ.App., San Antonio, 1959, writ ref., n. r. e.); Vaughn v. Vaughn, 279 S.W.2d 427, 430 Tex.Civ.App., Texarkana, 1955, ref., n. r. e.); Novita Oil Co. v. Smith, 247 S.W. 2d 151 (Tex.Civ.App., Eastland, 1952, n. w. h.); A A A Air Conditioning & Mfg. Corporation of Texas v. Barr, 186 S.W.2d 825 (Tex.Civ.App., Dallas, 1944, writ ref.); Rules 320, 321, 322, 324 and 374, Texas Rules of Civil Procedure; 3 Tex. Jur.2d, p. 454, sec. 178; 41 Tex.Jur.2d, New Trial, sec. 143. We adhere to this well established rule of law.

Appellant brings forward two points of error in which he asserts that (1) the evidence is insufficient to sustain a verdict and judgment for the defendants in this case and (2) there is no evidence to sustain a verdict and judgment for the defendants in this case.

These points of error are likewise too general to be considered. Murphy v. Maroney, supra; Green v. Maxwell, 423 S.W.2d 384 (Tex.Civ.App., Houston 14th Dist., 1968, writ ref., n. r. e.); Sumners Road Boring, Inc. v. Thompson, 393 S.W. 2d 690 (Tex.Civ.App., Corpus Christi, 1965, writ ref., n. r. e.); Pleasant Grove Builders, Inc. v. Phillips, 355 S.W.2d 818 (Tex.Civ. App., Dallas, 1962, writ ref., n. r. e.); Mc-Williams v. Muse, 157 Tex. 109, 300 S.W.2d 643, 646 (1957); Neinast v. Hill, 206 S.W. 2d 625 (Tex.Civ.App., Galveston, 1947, n. w. h.); Rule 418(b), T.R.C.P. These points are so general as to encompass any and every error committed by the trial court and therefore mean nothing. Mc-Williams v. Muse, supra; Tindall v. Tacconelly, supra.

■ The other alleged error assigned in appellant's first amended original motion for new trial asserts that the trial court erred in overruling plaintiff-appellant's objection to certain special issues because (a) there was insufficient evidence and (b) no evidence to support said issues and (c) the same was a comment on the weight of the evidence. This question was not preserved by point of error or by argument under the points in appellant's brief. Therefore, the assignment of error has been abandoned and cannot be considered by this court, where, as here, no fundamental error appears. Cox v. Messer, 469 S.W.2d 611 (Tex. Civ.App., Tyler, 1971, n. w. h.); City of Houston v. Socony Mobil Oil Company, Inc., 421 S.W.2d 427, 430 (Tex.Civ.App., Houston 1st Dist., 1967, writ ref., n. r. e.); LeJeune v. Gulf States Utilities Company, 410 S.W.2d 44, 49 (Tex.Civ.App., Beaumont, 1966, writ ref., n. r. e.); Bickler v. Bickler, 403 S.W.2d 354, 361 (Tex.Sup., 1966); Davis v. Crockett, 398 S.W.2d 302, 306 (Tex. Civ.App., Dallas, 1965, n. w. h.); Lott v. Lott, 370 S.W.2d 463, 465 (Tex.Sup., 1963); City of Deer Park v. State ex rel. Shell Oil Co., 275 S.W.2d 77, 84 (Tex.Sup., 1954); and Dreeben v. Sidor, 254 S.W.2d 908, 912 (Tex.Civ.App., Amarillo, 1952, writ ref., n. r. e.). "A point of error is an indispensable part of a brief on appeal." Cox v. Messer, supra.

For the reasons herein stated, appellant's points of error are overruled and the judgment of the trial court is affirmed.

Judgment affirmed.