**David M. BURRIS, Appellant,**

v.

**John KURTZ et al., Appellees.**

**No. 578.**

Court of Civil Appeals of Texas, Corpus Christi.

Dec. 30, 1970.

Rehearing Denied Jan. 21, 1971.

Roger Butler, Robstown, for appellant.

Kleberg, Mobley, Lockett & Weil, Henry Nuss, III, Corpus Christi, for appellees.

OPINION

NYE, Justice.

The appellant brought suit against the appellees allegedly for the manner in which John Kurtz handled a retail installment sales contract. The appellees filed their motion for summary judgment. Following the granting of the summary judgment the appellant has appealed to this Court.

In May of 1968 appellant entered into a retail installment contract with McGraw Auto Sales. The contract called for the

**348**

appellant to pay the sum of $3120.61 in monthly installments. McGraw Auto Sales assigned the contract for valuable consideration to the appellee bank which became the owner and holder thereof. The appellant was notified of the assignment and made three monthly installments of $86.86 each. The appellant then defaulted in his obligation. Whereupon appellee bank filed suit in Cause No. 98968–D styled Corpus Christi State National Bank v. David M. Burris. The appellant answered that suit. On November 24, 1969 judgment was entered in Cause No. 98968–D awarding the appellee bank judgment against the appellant in the amount of $3717.04 plus court costs and interest. The appellant filed a motion for new trial which was overruled. No appeal was taken and the judgment became final.

The appellant then filed the present suit to permanently enjoin the appellee bank from levying execution in the first case (Cause No. 98968–D) and sought judgment against Kurtz in the amount of $3717.04. (The same amount owed on the judgment in the first suit.) The appellee bank answered this present suit contending that the previous suit between the appellant and appellee bank was res judicata. In the alternative appellee contends that appellant's cause of action was a compulsory counterclaim which was required to be filed in the previous suit and was not.

■ Appellant's brief contains a short statement of the nature of the case and argument. It cites only one case which holds that where there are justiciable issues of facts raised by the pleadings and affidavit, a summary judgment should not be granted. The appellant however does not state a point of error. Where the brief of an appellant does not embrace any points of error, his appeal is not entitled to consideration. Rule 418, Texas Rules of Civil Procedure; Bickler v. Bickler, 403 S.W.2d 354 (Tex.Sup.1966).

■ We have reviewed the transcript, the pleadings, and appellant's affidavit.

We do not find any cause for reversal. His alleged cause of action against the appellees in this the second suit, as we gather from his pleadings and affidavit, is a cause of action that should have been the subject of a counterclaim or cross-action in the first suit. Appellee John T. Kurtz was at all times subject to the jurisdiction of the court in the first case.

Where a party fails to assert his counterclaim in the initial suit, he is precluded from thereafter pursuing the suit. Lacy v. Carson Manor Hotel, Inc., 297 S.W.2d 367 (Tex.Civ.App.—Dallas 1957, n. r. e.); Rule 97, T.R.C.P. "Compulsory counterclaims". Sec. (a).

Judgment of the trial court is affirmed.